JENNIE SEVERNS v. HORACE J. BRAINARD.[1]

June 6, 1895.

Nos. 9436—(120).

**Malicious Prosecution—Second Action on Same Cause.**

Where, in an action brought for the malicious prosecution of a civil suit, the evidence tended to prove that it was brought without probable cause, and that the plaintiff therein, without any other apparent reason, permitted the suit to be dismissed without trial, *held*, that evidence of the subsequent commencement by him of another suit against the same defendant, upon the same cause of action, is admissible to show malice.

Appeal by defendant from a judgment of the district court for Ramsey county, Brill, J., in favor of plaintiff for $1,090.45. Affirmed.

*P. M. Quist*, for appellant.

*A. C. Hickman* and *John L. Townley*, for respondent.

BUCK, J. Action for malicious prosecution of a civil suit. The plaintiff in her complaint alleged that while she was a tenant of the defendant, and occupying one of his stores under a written lease, he wrongfully and maliciously, and without probable cause, on May 11, 1892, served notice on her to vacate the premises occupied by her as such tenant; and that he maliciously and without probable cause brought suit against her in the district court to recover the sum of $140 rent, when there was but $20 due him; and that such suit was brought to vex and harass plaintiff in her business as a retail storekeeper. The plaintiff further alleges that her business was destroyed by these alleged acts of the defendant.

It appears that after the defendant had served a notice, dated May 11, 1892, on the plaintiff to quit the premises within 30 days, he forthwith sued her for $140 rent, and the action was dismissed after the same had been brought on for trial in the district court upon issues duly made up between the parties, and judgment of dismissal of said action was duly made and rendered on October 25, 1892, in

[1] Reported in 63 N. W. 477.

favor of this plaintiff, and against this defendant. The plaintiff herein admitted that there was $20 due for rent, and offered to pay it, but this defendant refused to accept it. After this action was commenced, this defendant brought another or second action against this plaintiff upon the same cause of action and for the same amount, viz. $140, for rent, and upon trial succeeded in recovering a verdict of $22.04, dated November 17, 1893; the plaintiff herein having offered to allow a judgment against her for the sum of $20, and interest thereon from April 1, 1892.

The plaintiff herein set forth, by her supplemental complaint, the complaint, answer, verdict, and judgment in the second suit; and, upon her offering them in evidence, they were objected to by this defendant, as incompetent, immaterial, and irrelevant, and because the defendant was only sued for having maliciously commenced the first suit. The court overruled the objection, and admitted the evidence, and the defendant duly excepted. This is really the only serious question in the case.

The mere fact that a person brings an action and does not recover the full amount of his claim, standing alone, does not necessarily prove that he commenced the action with a malicious motive. Frequently the rights of parties are doubtful, and it is often a matter of great difficulty for juries and courts to determine the exact amount due from one party to the other, or just what the rights of the respective litigants are. But it is a fundamental right of every man who feels himself aggrieved, or honestly believes that he has a just demand against another, to institute a suit and obtain a proper redress, if possible. But courts are not organized as vehicles for parties to vent their spite against others, nor to harass them without justifiable cause; and there should not be a malicious use or malicious abuse of legal process. This is a duty which each person owes to all others, not to institute proceedings maliciously, for this would be a perversion of the law. Now, taking the whole testimony as shown by the record up to the time of the commencement of the second suit, we are of the opinion that the jury would have been justified in finding that this defendant did not have probable cause for commencing the first suit for the amount and in the manner he did, even if the attachment proceedings are eliminated from the case.

But, in addition to the want of probable cause, the plaintiff must prove malice. Now, if this defendant persisted in bringing a second suit upon a groundless claim, would it not be evidence of malice? Would it not be a circumstance in the chain of evidence, and characterize the state of mind of this defendant towards the plaintiff? Even if he had brought the first suit in the honest belief that he had a good and valid claim against this plaintiff, his permitting it to be dismissed without a word of explanation, and then commencing another action for the same cause, even although it was after he had been sued for malicious prosecution, would be a circumstance of sufficient importance to have it submitted to a jury upon the question of his motive or good faith.

Malice may be shown by circumstantial evidence, as well as by direct testimony. In actions of slander a repetition of the defamatory words, even after the commencement of the suit, is admissible to show malice (Magmer v. Renk, 65 Wis. 364, 27 N. W. 26; Templeton v. Graves, 59 Wis. 95, 17 N. W. 672; Newell, Sland. & L. 333); and the same rule applies in cases of libel (see Gribble v. Pioneer Press Co., 34 Minn. 342, 25 N. W. 710; Larrabee v. Minnesota Tribune Co., 36 Minn. 141, 30 N. W. 462). If, subsequent to the commencement of the action against a defendant for libel and slander, his repetition of the defamatory words may be shown in evidence, we do not see why, in cases of malicious prosecution, a repetition of an act of substantially the same character, and relating to the identical subject-matter, may not be shown, not to enhance the damages, but to show that the first suit was instituted with a wicked and malevolent design against the plaintiff. The willful use of judicial process for a purpose not justified by law is an abuse for which an action will lie. Antcliff v. June, 81 Mich. 477, 45 N. W. 1019.

In the second suit the defendant only recovered one-seventh of the amount demanded, and that one-seventh this plaintiff stood ready to pay when the first suit was commenced. The circumstances attending the whole transaction were of such a character that the jury were fully warranted in finding a verdict in favor of the plaintiff. Whether the damages were excessive we are not at liberty to determine, because the record does not show that the appellant ever applied to the court below for a reduction of the amount of the damages, or that he made a motion for a new trial because the damages

assessed by the jury were excessive. In order to have presented that question properly upon this appeal, the court below should have exercised its discretion and judgment upon the matter, and then his decision or order would have been reviewable here.

The judgment appealed from is affirmed.