HENRY DREYFUS & CO. *et al.*

*v.*

THE UNION NATIONAL BANK OF CHICAGO.

*Filed at Ottawa November 9, 1896.*

. 1. VOLUNTARY ASSIGNMENTS—*who may object to allowance of claims in.* An assignee for creditors, and creditors who have proved their claims against the insolvent estate, may object to the allowance of another claim against the assets.

2. PARTNERSHIP—*note signed by individual partners may be a firm obligation.* The fact that notes bear the individual signatures of the members of a partnership, but not the firm name, is not necessarily conclusive that the obligation, in so far as the members of the firm are concerned, is not a firm obligation.

3. SAME—*effect of omission of one partner's name in agreement to buy land.* The fact that the name of one of the members of a firm did not appear in the preliminary agreement for the purchase of real estate does not affect the question whether such real estate was purchased by the firm or by the individual members, when his name appears in all the subsequent papers.

4. APPEALS AND ERRORS—*when objection below is sufficiently specific to sustain assignment of error.* The objection to a claim against the estate of an insolvent firm that it is "inequitable, unjust and improper," made in the trial court, is sufficient to raise, on appeal, the objection that the claim is not a partnership debt.

5. EVIDENCE—*what sufficient to show notes are a partnership indebtedness.* Evidence that a purchase of land was made by members of a firm as a partnership venture and not individually, and that notes individually signed were given in part payment of the purchase price, that the money paid upon the property was firm funds, that the land was carried as partnership assets upon the firm books and that the firm had several times speculated in real estate, shows *prima facie* that the notes constitute a partnership indebtedness.*

6. SAME—*what is not varying terms of notes by parol.* Parol evidence that a purchase of land was made by a firm rather than by its members as individuals, and that the notes given therefor were for partnership debts, does not vary or contradict the terms of such notes where they do not appear on their face not to be firm obligations, otherwise than by the fact that they were signed by the members individually and not in the firm name.

*Union Nat. Bank* v. *Dreyfus & Co.* 61 Ill. App. 323, affirmed.

---

*The great number of cases on the question what real estate will be considered partnership property are found in a note to *Robinson Bank* v. *Miller,* (Ill.) 27 L. R. A. 449.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

The firm of Morse, Mitchell & Williams, composed of Francis E. Morse, George H. Mitchell and Frederick C. Williams, was engaged in business in Chicago as dealers in clocks, jewelry, etc. On May 10, 1890, the three persons composing said firm, jointly with two other persons, Mortimer N. Burchard and Edward F. Cragin, purchased from one Anna B. Austin a certain tract of land in Cook county for the consideration of $120,000. Of this amount $35,000 was paid in cash, and the balance, $85,000, by notes dated June 10, 1890, running over a series of years and secured by trust deed on the property. For convenience the title was taken in the name of Morse, and he executed the trust deed securing the notes. The purchase money notes were each signed by all who were interested in the purchase, Morse, Mitchell and Williams each signing his individual name. The firm name was not signed. Cragin subsequently sold his interest in the land to one Marshall, who in turn sold it to the firm of Morse, Mitchell & Williams. All but two of said notes were paid,— one for $20,000 and the other for $10,000,—payable, respectively, three and four years after date. These had been discounted with the Union National Bank of Chicago.

On July 31, 1893, the firm of Morse, Mitchell & Williams made an assignment to Elbert H. Gary for the benefit of their creditors. The Union National Bank filed a claim with the assignee, based on the two notes which it held. To this claim the assignee, and also Henry Dreyfus & Co. and R. A. Kipling, creditors of the insolvent firm, filed objections. Upon a trial of the objections in the county court of Cook county several propositions of law presenting the claimant's theory of the case were submitted, but the court refused to hold any of them, and

refused to allow the claim as against the partnership assets, holding that the notes represented an individual and not a firm indebtedness. From that order the claimant appealed to the Appellate Court, where the judgment below was reversed and the cause remanded, with directions to allow the claim against the estate of the insolvent firm. To reverse the judgment of the Appellate Court the objectors prosecute this writ of error.

Moses, Pam & Kennedy, for plaintiffs in error:

No creditor of any member of the firm is entitled to share in any part of the partnership estate until after the partnership creditors are fully paid. Parsons on Partnership, sec. 360; *Bank* v. *Bank*, 94 Ill. 271.

Where parties sign instruments in their individual names, the creditor must look to the individual and not to the partnership. *Forsythe* v. *Woods*, 11 Wall. 484; Parsons on Partnership, sec. 391; *Ex parte Weston*, 12 Metc. 1; *Bank* v. *Burt*, 93 N. Y. 233.

The contract and relationship, as established between the parties originally, are binding and conclusive upon the claimant and creditor. *Ex parte Weston*, 12 Metc. 1; *In re Rodden*, 6 Biss. 377.

The legal implication that these were individual notes cannot be affected by the evidence introduced by claimant. *Mason* v. *Burton*, 54 Ill. 349; *Martin* v. *Cole*, 104 U. S. 30; *Lill* v. *Egan*, 89 Ill. 609; *Schultz* v. *Bank*, 141 id. 116.

Tenney, McConnell & Coffeen, for defendant in error.

Mr. Justice Baker delivered the opinion of the court:

The question in this case is whether or not the notes filed by the defendant in error as a claim against the insolvent estate of the firm of Morse, Mitchell & Williams are a partnership indebtedness.

The defendant in error insists that the plaintiffs in error, who are objecting to the allowance of said claim

against the partnership assets, are not in a position to object to its allowance.    This point is not well made. That they are in a position to make the objection is clear, for one of them is the assignee of Morse, Mitchell & Williams, while the others are creditors who have proved their claims against the insolvent estate, and their interest therein is such as to entitle them to protect it against improper claims.

The defendant in error insists, also, that the plaintiffs in error cannot here make the objection that its claim is not a partnership debt, for the reason, as is said, that the objection was not made in the county court. A sufficient answer to this is, that the eleventh objection filed by plaintiffs in error, viz., "the claim is inequitable, unjust and improper," is broad enough to cover that objection.

It is contended in behalf of the plaintiffs in error that the notes on which the defendant in error bases its claim represent the individual indebtedness of the several persons whose names are signed thereto, and are not a proper charge against the partnership assets.    Besides the signatures of Burchard and Cragin the notes bear the individual signatures of Morse, Mitchell and Williams, but not the firm name.    The fact that they are so signed is not, however, necessarily conclusive that the obligation, in so far as Morse, Mitchell and Williams are concerned, is not a firm obligation.    Treating the notes as a firm obligation would not be inconsistent with their face.    To determine the fact whether or not they are such, it is necessary to inquire into the nature of the transaction out of which they grew, and how it was intended they should operate.

At the hearing, Francis E. Morse, one of the members of the firm, and Carrie A. Howard, the book-keeper, were called as witnesses in behalf of the defendant in error, and they were the only witnesses examined.    Morse testified that the purchase of the Austin property was entered

into by the firm as a partnership venture, and not on the individual account of the three members of the firm, and that the notes in controversy were given in partial payment of the purchase price.  Also, that prior to the purchase of said property the firm of Morse, Mitchell & Williams had speculated several times in real estate. Both witnesses testified, and the firm's books show, that all of the money which was paid for the property and all that was expended in improvements was paid by the firm from its partnership funds, Burchard and Cragin refunding their proportions.  The land and its proceeds were carried on the firm's books as partnership assets and the purchase money notes as partnership debts.  This evidence was sufficient to make out a *prima facie* case for the defendant in error, for it shows that the purchase was made by the firm for partnership profit and that the notes were given for a partnership indebtedness; and the evidence does not vary or contradict the terms of the notes, for they do not appear on their face not to be an obligation of the firm.

The fact that Mitchell's name did not appear in the preliminary agreement for the purchase of the property is of no importance, because it does appear in all the subsequent papers relating thereto.  The important fact is not who first contemplated making the purchase, but whether the firm of Morse, Mitchell & Williams was one of the purchasers.  It is also immaterial that the notes were signed with the individual names of the persons composing the firm instead of being signed with the firm name, since they were given for a partnership indebtedness.  *Farwell* v. *Huston*, 151 Ill. 239.

The notes in question were a proper charge against the assets in the hands of the assignee of Morse, Mitchell & Williams, and the claim of defendant in error should have been allowed.  The judgment of the Appellate Court is accordingly affirmed.          *Judgment affirmed.*