# TWIN CITY BRIEF PRINTING COMPANY v. REVIEW PUBLISHING COMPANY AND OTHERS.[1]

## February 15, 1918.

## No. 20,726.

**Partnership — firm name an asset.**

    1. The name of a copartnership is an essential element of the partnership enterprise, an asset thereof, and passes with a sale of the firm business and good will.

**Same — effect of conveyance by each partner—transfer of firm name.**

    2. Where a sale of the entire business and property of a copartnership, including the good will, is a firm transaction, separate conveyances by the individual copartners have the same force and effect as a single conveyance executed in the name of the firm, and a transfer thus effected carries with it the right in the purchaser to the future use of the copartnership name.

**Good will — right to use of name — injunction.**

    3. Defendant Review Publishing Company, a corporation doing a job printing business in St. Paul, expressly consented that a copartnership formed by its managing officer and those associated with him for the transaction of a similar printing business in the adjoining city of Minneapolis, might use the name "Review Publishing Company" in its business affairs in that city; under that authority the copartnership adopted that name and thereunder built up and established a prosperous printing business, to the knowledge of defendant and its said managing officer.

    Plaintiff, Twin City Brief Printing Company, a corporation, was organized by some of those interested in the copartnership for the purpose of taking over the partnership business; in consummation of that pur-

[1]Reported in 166 N. W. 413.

pose the individual copartners executed to plaintiff separate bills of sale of the partnership plant, property, assets and good will; the corporation thereafter for several years continued the business under the name stated, precisely as the copartnership theretofore had done.

Defendant thereafter established a branch department of its printing business in Minneapolis, and by unfair and deceptive methods attempted to divert to its office the business so built up and established by the copartnership and plaintiff.   It is *held*:

(1) That the copartnership acquired by the consent and acquiescence of defendant corporation the right to use the particular name in the firm transactions in Minneapolis; that right passed to plaintiff on the sale to it of the partnership property, effects and good will, and defendants may be restrained from unfairly and wrongfully interfering in the use thereof by plaintiff in that city, and by deceptive methods from attempting to divert to its branch office business that otherwise would go to plaintiff.

(2) The facts stated in the opinion entitle plaintiff to the relief substantially as prayed for in the complaint, against all the defendants.

Action in the district court for Hennepin county against Review Publishing Company, Clarence R. Wilkinson, Fred L. Hayward and Emil E. Johnson, to restrain defendants from using the name of Review Publishing Company in Minneapolis, and from transacting the business of printing briefs, paper books and other general job printing under that name.   The separate answers of defendants expressly denied that either defendant Wilkinson or Henry A. Flint or Edwin Irle ever conveyed or assigned to plaintiff the right to use the name of defendant corporation or that defendant corporation ever agreed that plaintiff might use that name in the conduct of its business.   The defendant corporation interposed a counterclaim for $10,000 for damages caused by plaintiff transacting business in defendants' name.   The case was tried before Orr, J., who when plaintiff rested granted the motion of defendants for judgment dismissing the action as to the individual defendants, made findings and ordered judgment granting plaintiff the right to transact its business in its corporate name but not in the name of the Review Publishing Company.   Plaintiff's motion for amended findings and conclusions was granted in part and denied in part, and plaintiff was enjoined from using in any manner the name of defendant corporation.

From the judgment entered pursuant to the amended order for judg-
ment, plaintiff appealed. Remanded with directions.

*Jay W. Crane* and *R. T. Boardman,* for appellant.
*William G. White,* for respondents.

BROWN, C. J.

Defendant Review Publishing Company was organized as a corporation
under the laws of the state sometime in the year 1897, with its established
place of business and headquarters in the city of St. Paul. It was so
organized by defendant Wilkinson, H. A. Flint, and one Gardner, who
joined their capital and labors for the purposes of the enterprise. The
business of the company was and always has been job printing, with
special attention to the printing of records and briefs for use in this
and some of the Federal courts. The company established a prosperous
and lucrative business, which at all times since its organization, and
until the controversy involved in this action arose, has been carried on
and conducted in the city of St. Paul. In 1907, defendant Wilkinson,
the holder of a majority of the capital stock of the company and the
manager of its affairs, conceived the idea of establishing a similar busi-
ness in the city of Minneapolis, to be conducted independently of the
St. Paul company. With that end in view he associated with him
Henry A. Flint, and one Edwin Irle and together they opened up a
brief printing shop in that city, later forming a copartnership, and there-
after conducted the same, with the knowledge and consent of the St.
Paul company, under the name "Review Publishing Company, Minne-
apolis." In point of prosperity the success of the partnership was
substantially equal to that of the St. Paul company. There was, so
far as the record informs us, no competition between the two concerns,
the efforts of each being limited to their respective locations. Other
persons later became connected with the Minneapolis enterprise and
sometime in 1912, the precise date is not material, those interested there-
in organized the plaintiff corporation for the purpose of taking over and
continuing the business of the copartnership. Flint, a member of the
copartnership, was one of the incorporators and after the organization of
the corporation became its general manager. And though the business
had at all times theretofore been conducted under the name "Review

Publishing Company," that name could not be given the corporation, for the name of an existing corporation cannot be taken by another corporation subsequently organized. The St. Paul company had therefore prior rights to the particular name, and in recognition thereof the new company adopted the name "Twin City Brief Printing Company."

To complete the transfer of the copartnership business and effects to plaintiff each copartner executed a bill of sale, and for the consideration therein stated thereby bargained, sold and conveyed to plaintiff all his interest in the firm property, described therein as follows:

"All right, title and interest held by the party of the first part in the plant, machinery, book accounts, bills receivable and good will of the Review Publishing Company of Minneapolis, located at 409 5th Street South in the City of Minneapolis, which machinery and book accounts were partially shown in the inventory attached hereto and made a part hereof, and also all of the property and assets of said Review Publishing Company of every description, kind and nature whatsoever."

The plaintiff thereafter continued the business, but under the name, "Review Publishing Company, Minneapolis," advertising as such and soliciting and receiving orders for printing under that name, precisely as the copartnership had theretofore done. Prosperity attended the efforts of the new concern, and this continued until the year 1916, when, it is claimed, substantial impairment thereof was brought about and caused by the alleged unfair and unlawful conduct of defendants, the facts with reference to which are substantially as follows:

Subsequent to the sale of the copartnership business to plaintiff, as already stated, Wilkinson continued the management and control of the St. Paul enterprise, and devoted his time and attention to its affairs. He was well aware of all the facts heretofore stated, and was a party to the transfer of the copartnership affairs to plaintiff. He knew of the prosperity of the business and also of the use by plaintiff of the name "Review Publishing Company, Minneapolis," and that under that name a favorable reputation had been established in that community. With all this knowledge and acting for the St. Paul company on August 1, 1916, he opened a branch establishment in Minneapolis, intending thereby to enter into competition with plaintiff and to divide the Minneapolis business theretofore established and in the control of plaintiff.

Plaintiff's office and work shop was located at 225 South Third street, Minneapolis, and was connected by telephone, the number being "Nicollet 799," and listed in the telephone directory to the "Review Publishing Company." The branch department of defendants was located at 513 Fourth avenue south, Minneapolis. Soon after opening this department Wilkinson, in furtherance of the interests thereof, deliberately ordered the telephone company to change the call of plaintiff's telephone, as it appeared in its directory, from plaintiff's place of business to that of defendants, and on the theory that the order was legitimate the telephone company made the change. Wilkinson also directed the name of Flint, plaintiff's manager, to be stricken from the directory, on the ground that he had no connection with the Review Publishing Company. Defendant Hayward, who for several years had been with plaintiff company, became connected with defendants' branch at Minneapolis, and clothed with credentials similar to those used by him while in plaintiff's service, and as the representative of the Review Publishing Company, solicited business for defendant, under the implied representation, at least under circumstances which justified the conclusion of those approached by him, that he represented plaintiff, and not the St. Paul Company. During all this time the public having business of this particular character was aware of but one concern having or using the particular name in Minneapolis, and that was plaintiff, and this fact also was well known to defendants and each of them. Yet they proceeded in the manner stated in utter disregard of plaintiff's rights in the premises.

Plaintiff brought this action to restrain defendants from further acts of the kind stated and other relief. The trial court ordered judgment granting certain relief to plaintiff, but, on the claim that the relief so granted was inadequate and not the full relief to which it was entitled, plaintiff appealed to this court.

If plaintiff's claim of a right to use the name, Review Publishing Company, be sustained, it is clear from the facts stated, which appear without substantial conflict in the evidence, that a case of unfair competition is presented which entitles it to appropriate and adequate relief. The evidence discloses an attempt on the part of defendants by deceptive methods to appropriate the benefits of a business built up and established by plaintiff and its predecessor, by falsely passing defendant off as the

founder and owner of the same. The law controlling the rights and liabilities in such cases is well settled in this state. Nesne v. Sundet, 93 Minn. 299, 101 N. W. 490, 106 Am. St. 439, 3 Ann. Cas. 30; Sheffield-King Milling Co. v. Sheffield Mill & Ele. Co. 105 Minn. 315, 117 N. W. 447, 127 Am. St. 574; Northwestern Knitting Co. v. Garon, 112 Minn. 321, 128 N. W. 288; Rodseth v. Northwestern Marble Works, 129 Minn. 472, 152 N. W. 885, Ann. Cas. 1917A, 257.

But it is contended by defendants that as against the St. Paul corporation plaintiff never acquired the right to use the particular name in Minneapolis, or elsewhere, and therefore that no interest its possesses in that respect has been encroached upon by defendants' or either of them. We have given this feature of the case careful attention, for it goes to the foundation of plaintiff's claim to relief, and our conclusion thereon is that the facts presented clearly show a right in plaintiff to the use of the name. It acquired the right from the copartnership, which in turn adopted and made use thereof with the express consent of defendant, Review Publishing Company of St. Paul. While the record discloses no corporate action, by resolution of the board of directors, or otherwise, granting the right to the copartnership, the answer admits that it was granted, and the precise method by which the right was so given is of no material importance. In addition to that admission the record is conclusive that the corporation through its general manager, Wilkinson, who first put the name in use in Minneapolis, had knowledge that it was so used for many years, and without objection and without encroachment upon the business field of defendant; and further that a lucrative business had been established thereunder by the copartnership. Clearly under such circumstances defendant could not well challenge the right of the copartnership to use the name, and we have only to inquire whether the transfer of the copartnership business with the good will thereof to plaintiff, carried with it the right to continue the transaction of the business in that name. We think, and so hold, that the question should be answered in the affirmative.

It is well settled both in England and this country that the firm name of a copartnership, as distinguished from the name of an individual, is an element of the partnership enterprise, a substantial asset thereof, and passes with a sale of the partnership property and good will. Banks

v. Gibson, 34 Beav. 566; Rogers v. Taintor, 97 Mass. 291; Myers v. Kalamazoo Buggy Co. 54 Mich. 215, 19 N. W. 961, 20 N. W. 545, 52 Am. Rep. 811; Brass & Iron Works Co. v. Payne, 50 Oh. St. 115, 33 N. E. 88, 19 L. R. A. 82; Slater v. Slater, 175 N. Y. 143, 67 N. E. 224, 61 L. R. A. 796, 96 Am. St. 605; note in 96 Am. St. 610; Haugen v. Sundseth, 106 Minn. 129, 118 N. W. 666, 16 Ann. Cas 259. While there was no formal bill of sale or other conveyance signed in the firm name, the transaction was one by the firm, in its interests, and the bills of sale by the individual members thereof were sufficient as a transfer of the property as well as the partnership name. A copartnership, apart from the individual members thereof, has no separate legal entity, and the partnership is bound by the individual transactions of the members when had in the interests of the firm affairs. In re C. H. Kendrick & Co. (D. C.) 226 Fed. 978; Henry Dreyfus & Co. v. Union Nat. Bank, 164 Ill. 83, 45 N. E. 408; Berkshire Woolen Co. v. Juillard, 74 N. Y. 535, 31 Am. Rep. 488; Burdick, Partnership (3d ed.) 90. And in the case at bar, since the copartnership had the right to use the particular name, by the express consent of defendant, the sale and transfer to plaintiff of the firm business and good will carried with it the right to continue the business in that name. We do not hold that plaintiff has an exclusive right to the use of the name. But it has the right to protection from the wrongful conduct of defendants, and from acts which manifestly are unfair, and if persisted in will naturally result in the impairment if not the total destruction of plaintiff's business, so far as the profitable side thereof is concerned. That the acts of defendants were wrongful is clear. Ranft v. Reimers, 200 Ill. 386, 65 N. E. 720, 60 L. R. A. 291. We discover no basis, from the record, of excusing the personal misconduct of the individual defendants. With full knowledge of the facts they were deliberately attempting to benefit by the favorable reputation of plaintiff and its work, by expressly as well as by implication appearing before the public as representing the only Review Publishing Company in Minneapolis.

Plaintiff is therefore entitled to the injunction of the court restraining further interference by defendants with its right to use the name, Review Publishing Company, in its business at Minneapolis; and, if the defendant company shall continue to operate its department in that city,

that it be required to do so under such publicity as will prevent confusion in the public mind. To this end it should be required to advertise its presence in Minneapolis as the Review Publishing Company of St. Paul. This will answer the rule stated in the Sheffield Milling Co. case, supra.

The cause will therefore be remanded to the court below with directions to amend its conclusions of law to conform to the views herein expressed, and to award a modified judgment accordingly against all the defendants. There is no occasion for a new trial of the action.

Remanded with directions.

BUNN, J., took no part.