WENDELL A. MONSON v. HECTOR ARCAND.[1]

May 22, 1953.

No. 35,885.

---

[1]Reported in 58 N. W. (2d) 753.

*Richards, Janes, Hoke, Montgomery & Cobb, Charles A. Bassford,* and *Elliott O. Boe,* for appellant.

*Earl Anderson, Swensen & Anderson,* and *A. G. Christofferson,* for respondent.

338

CHRISTIANSON, JUSTICE.

Defendant appeals from an order denying his alternative motion for judgment notwithstanding the verdict or for a new trial in a personal injury action.

Defendant, Hector Arcand, and his brother, Clement Arcand, were partners engaged in masonry and cement contracting under the name "Arcand Brothers." They employed about 15 blocklayers, cement finishers, carpenters, and laborers, including plaintiff, Wendell A. Monson, who was employed as a construction laborer. The Central Surety and Insurance Corporation issued a standard workmen's compensation policy covering these employees which designated the employer as "Hector W. Arcand and Clement J. Arcand * * * Co-Partnership."

On May 11, 1951, plaintiff was helping defendant pour concrete on a partnership job in Hopkins. After they quit work, plaintiff rode toward St. Paul with defendant in a pickup truck used in partnership business. Their destination was 1600 County Road E in St. Paul, where partnership property was kept and where plaintiff had left his car that morning. They were proceeding east on U. S. highway No. 100 with defendant at the wheel when several cars some distance ahead suddenly stopped on the highway. Defendant turned to the right to avoid the stopped cars and went off the pavement onto the shoulder and into the ditch. The pickup truck rolled over and plaintiff suffered an injury to his back.

Two juries tried different issues in this case. The first returned a special verdict finding that it was a regular practice for the partnership to pay employees for traveltime to jobs as far away as Hopkins and to furnish transportation to its employees under the circumstances and that plaintiff was paid for traveltime on the day in question and knowingly accepted such pay. Neither party on this appeal challenges these findings or the conclusion which follows from them that plaintiff's injury arose out of and in the course of his employment. Defendant's motion for conclusions of law and an order for judgment in his favor on the grounds that the plaintiff's only remedy was under the provisions of the workmen's compensa-

tion act and that he had no cause of action for damages against the defendant was denied by the trial court.

The trial was resumed before the second jury to determine the defendant's liability for negligence. The trial court reserved for its own determination the question whether defendant was an employer of plaintiff under the workmen's compensation act, M. S. A. 176.01, subd. 5, and thus liable only for compensation or whether defendant was a third party and thus liable for damages in an action for negligence. The court also reserved for its own determination the further question whether, if defendant were a third party liable for damages, those damages were limited under § 176.06, subd. 1, to the amount and the manner of payment provided by the workmen's compensation act.

At the close of the evidence defendant moved for a directed verdict on the evidence, the first jury's special verdict, and the grounds set forth in defendant's requested instructions, which were to the effect that defendant was a properly insured employer of plaintiff and that plaintiff's exclusive remedy was under the workmen's compensation act. The trial court refused defendant's requested instructions, reserving the issues raised by them for its own determination as questions of law, and denied defendant's motion for a directed verdict. The second jury returned a general verdict for $20,500 in favor of plaintiff and found, in response to special interrogatories, that plaintiff was totally disabled until November 11, 1951; that he sustained 25 percent permanent partial disability; and that he incurred medical, surgical, and hospital expenses in the amount of $347.30. The trial court determined that defendant was not an employer of plaintiff and that defendant was not insured under the workmen's compensation act.

■ The first issue presented by this case is whether defendant was an employer of plaintiff and thus, other qualifications being met, liable to plaintiff only for workmen's compensation. This question has been answered in the negative in Gleason v. Sing, 210 Minn. 253, 297 N. W. 720, where this court held under similar circumstances that a member of a partnership is not, in his individual

capacity, an employer of an employee of the partnership. Only the partnership is the employer, the partnership being for this purpose an entity distinct from its members. No claim is made in the instant case that plaintiff was employed by defendant separate and apart from his employment by the partnership. Rather, defendant seeks to distinguish the Gleason case because it was decided upon a motion to strike portions of the answer and there were no allegations that the partner was an employer of the employee or that he was insured whereas in the instant case not only were such allegations made but evidence was introduced from which defendant contends inferences in support of the claim could be drawn. It may be that the Gleason case could have been decided on the narrow pleading point suggested, but a fair reading of the case permits no other conclusion than that the decision represents the considered opinion of this court on the question presented here.[2] Defendant cites decisions in which this court has refused to treat a partnership as an entity for other purposes[3] and decisions from many other jurisdictions which refuse to treat a partnership as an entity for purposes like, or similar to, that in the instant case.[4] However, we are committed to the view that, for the purpose of determining whether a partner is liable only for workmen's compensation as an employer or liable for damages as a third party, the partnership of which he is a member is a separate employing entity and an em-

[2]See, Toenberg v. Harvey, 235 Minn. 61, 49 N. W. (2d) 578; Pederson v. Pederson, 229 Minn. 460, 39 N. W. (2d) 893. For an earlier application of the partnership entity theory to a different fact situation under the workmen's compensation act, see Keegan v. Keegan, 194 Minn. 261, 260 N. W. 318.

[3]Angell v. White Eagle O. & R. Co. 169 Minn. 183, 210 N. W. 1004; Twin City Brief Print. Co. v. Review Pub. Co. 139 Minn. 358, 166 N. W. 413, L. R. A. 1918D, 154.

[4]Reed v. Industrial Acc. Comm. 10 Cal. (2d) 191, 73 P. (2d) 1212, 114 A. L. R. 720; Brollier v. Van Alstine, 236 Mo. App. 1233, 163 S. W. (2d) 109; Williams v. Hartshorn, 296 N. Y. 49, 69 N. E. (2d) 557; Klein v. Pepe, 99 N. Y. S. (2d) 794; Thomas v. Industrial Comm. 243 Wis. 231, 10 N. W. (2d) 206, 147 A. L. R. 103. Contra: McNamara v. McNamara, 91 Conn. 380, 100 A. 31.

ployee of the partnership is not the employee of the individual partner.

■ Having determined that defendant is not an employer of plaintiff within the meaning of the workmen's compensation act but is a third party liable for damages in a negligence action, we must further determine whether those damages are limited as to amount and manner of payment by § 176.06, subd. 1, which provides in part:

"Where an injury or death for which compensation is payable under circumstances also creating a legal liability for damages on the part of any party other than the employer, such party being at the time of such injury or death insured or self-insured in accordance with section 176.03, the employee in case of injury * * * may * * * proceed either at law against such party to recover damages or against the employer for compensation, but not against both.

"If the employee in case of injury * * * shall bring an action for the recovery of damages against such party other than the employer, the amount thereof, manner in which, and the persons to whom the same are payable, shall be as provided for by the workmen's compensation act, and not otherwise; * * *.

\* \* \* \* \*

"The provisions of subdivision 1 of this section shall apply only where the employer liable for compensation and the other party or parties legally liable for damages were both either insured or self-insured and were engaged in the due course of business, (a) in furtherance of a common enterprise, or (b) the accomplishment of the same or related purposes in operation on the premises where the injury was received at the time thereof, and not otherwise."

Defendant claims to be an insured third party within the meaning of this provision by virtue of the workmen's compensation policy issued to him and his brother by the Central Surety and Insurance Corporation. He argues that by naming him and his brother individually the policy insures them personally and is not limited to

the partnership liability. Plaintiff argues, on the other hand, that the policy cannot be construed to cover defendant as an individual because it specifies "Co-Partnership." We do not find it necessary to construe the policy because, in our opinion, the quoted provision of the statute is inapplicable for other reasons.

The quoted provision applies to third parties who at the time of the compensable injury are "insured or self-insured in accordance with section 176.03." Section 176.03 provides in part:

"Every *employer* * * * liable under this chapter to pay compensation shall insure payment of such compensation * * * or obtain an order from the industrial commission exempting him from insuring his liability for compensation and permitting him to self-insure such liability * * *." (Italics supplied.)

It thus appears that § 176.06, subd. 1, in referring to third parties who are insured or self-insured in accordance with § 176.03, contemplates that such third parties will be employers. They will be third parties as to the injured employee but insured or self-insured employers within the general scheme of the act. Defendant has neither shown nor asserted that he, as an individual separate and apart from the partnership, employed anyone. Since he was not an employer, we fail to see how he could be insured in accordance with § 176.03 regardless of how the policy in question is construed.

Moreover, § 176.06, subd. 1, has been construed many times by this court as having been intended to apply where several workmen of different employers under the workmen's compensation act were working together on the same premises, on the same project, and subject to the same risks of injury.[5] We have recently stated that one of the requirements for application of this provision is that employees of the employer liable for compensation and employees of the third party liable for damages "were working together in the performance of * * * [the same] project in a manner which ex-

[5]Volding v. Harnish, 236 Minn. 71, 51 N. W. (2d) 658; Swanson v. J. L. Shiely Co. 234 Minn. 548, 48 N. W. (2d) 848; Gleason v. Geary, 214 Minn. 499, 8 N. W. (2d) 808; see, Manteuffel v. Theo. Hamm Brg. Co. 238 Minn. 140, 56 N. W. (2d) 310.

posed them to the same or similar hazards on the premises where the injury was received and at the time thereof * * *."[6] Where, as in the instant case, it does not appear that the third party liable for damages had any employees whatever, this requirement cannot be met, and the case does not present a situation intended to be covered by § 176.06, subd. 1, as interpreted by this court.

■ The final question presented is whether the second jury's finding as to the amount of plaintiff's damages is justified by the evidence. Plaintiff contends that this issue cannot properly be considered on this appeal because it was not assigned as a ground for new trial. In this he is correct.[7] Defendant did, however, assign as a ground for new trial that the second jury's finding upon special interrogatory of a 25 percent permanent partial disability was not justified by and was contrary to the evidence. This finding is properly here for review. Since the finding must inevitably have entered into the jury's calculation of damages, defendant will be entitled to a new trial on the issue of damages if the finding as to the percentage of plaintiff's permanent disability is not supported by the evidence.

■ There was evidence that at the time of the accident plaintiff was a young man of 25 years. He had completed only two years of high school and, after two years in the army, he had worked as a railroad fireman and for the last three years had worked as a construction laborer. He had no training in office work or in any trade or profession. His work as a construction laborer required him to push heavy wheelbarrows full of concrete, lift heavy cement blocks and bags of cement, and mix concrete manually.

No medical witness testified to any specific degree of permanent partial disability. There was evidence, however, that plaintiff had

---

[6]Crawford v. Woodrich Const. Co. Inc. 239 Minn. 12, 20, 57 N. W. (2d) 648, 653; Urbanski v. Merchants Motor Freight, Inc. 239 Minn. 63, 69, 57 N. W. (2d) 686, 689.

[7]English v. M. & St. P. S. Ry. Co. 96 Minn. 213, 104 N. W. 886; Moehlenbrock v. Parke, Davis & Co. 141 Minn. 154, 169 N. W. 541; 5 Dunnell, Dig. & Supp. § 7137.

suffered compression fractures of the 10th and 11th dorsal vertebrae. In addition to the compression of the soft bone of those vertebrae, a fragment was fractured from both, there was damage to the soft tissue, and hemorrhage developed in the soft tissue resulting in some compression on the nerves. The injury required plaintiff to wear a cast from his neck to his hips for seven weeks and a high back brace for some two months after the cast was removed. The injury caused severe pain, which diminished as time passed. Plaintiff testified that at the time of the trial in May 1952 he still felt effects of the injury to his back and that he could not handle work like he had done before the accident because it required too much heavy lifting. One medical witness testified that there would be a slight permanent deformity of plaintiff's spine and that, although plaintiff could do average work well and fairly heavy work for five or ten minutes, heavy, sustained manual labor would cause pain in his back.

From the foregoing evidence the jury might properly have found that for a person of plaintiff's limited training and experience a back injury preventing him from doing the heavy, sustained manual labor which he had done before the accident would result in considerable employment disability. Upon all the evidence and the inferences which can properly be drawn therefrom, we cannot say that the jury's finding of a 25 percent permanent partial disability was not sufficiently supported by the evidence.

The order appealed from is affirmed.