WENDELL A. MONSON v. HECTOR ARCAND.
CENTRAL SURETY & INSURANCE CORPORATION,
THIRD-PARTY DEFENDANT.[1]

April 29, 1955.

No. 36,528.

---

[1]Reported in 70 N. W. (2d) 364.

*Bergmann Richards, Crane Winton,* and *Richards, Janes, Hoke, Montgomery & Cobb,* for appellant.

*Scott, Burke & Scott* and *Mordaunt & Mordaunt,* for third-party defendant-respondent.

*Earl R. Anderson,* for plaintiff-respondent.

KNUTSON, JUSTICE.

This case is here as a sequel to our decision in Monson v. Arcand, 239 Minn. 336, 58 N. W. (2d) 753. The facts are stated fully in our former opinion and will not be repeated here except insofar as it is necessary to understand the issues raised by this appeal. It is enough to say that in the former action Wendell A. Monson, an employee of Arcand Brothers, a copartnership, brought an action against Hector Arcand, one of the partners, individually, to recover for personal injuries sustained while he was riding back to the firm premises from Hopkins, Minnesota, where he had been working, in a truck which was registered in the name of Hector Arcand and which was being driven by Hector Arcand at the time of the accident. In that action Monson recovered a judgment in the amount of $22,014.70 against Hector Arcand individually. On appeal we affirmed.

Hector Arcand carried an ordinary automobile liability insurance policy covering his individual liability for negligence in connection with the operation of the truck in which Monson was riding at the time he was hurt. The insurer of this policy of insurance was Underwriters at Lloyds of Minneapolis. The limit of liability under the policy was $10,000.

The business operations of Arcand Brothers were insured under a "Standard Workmen's Compensation and Employers' Liability Policy" issued by Central Surety and Insurance Corporation, hereinafter called Central. Liability under the employer's liability provision of this policy was limited to $25,000. After our former decision, Underwriters at Lloyds of Minneapolis, contending that Central was liable for five-sevenths of the judgment, paid plaintiff $6,289.91, representing two-sevenths thereof. Defendant then moved for leave to

serve a summons and third-party complaint against Central, which was granted. In his complaint defendant seeks a declaration of liability on the part of Central for payment of the balance of the judgment. After a trial of the issues so raised, findings were made in favor of Central, and this appeal is from a judgment entered pursuant thereto.

The pertinent portions of the insurance policy with which we are here concerned read as follows:

"Standard Workmen's Compensation and Employers'
Liability Policy
"No. WC109818
"Expires January 2nd, 1952
"Issued To
"Hector W. Arcand and Clement J. Arcand
"Central Surety and Insurance Corporation

\* \* \* \* \*

"Declarations

\* \* \* \* \*

"Item 1. Name of Employer: Hector W. Arcand and Clement J. Arcand

"P. O. Address   1303 Woodbridge, St. Paul, Minnesota

"Individual, Corporation or Partnership   Co-Partnership

\* \* \* \* \*

"Item 4. The foregoing enumeration and description of employees include all persons employed in the service of this Employer in connection with the business operations above described to whom remuneration of any nature in consideration of service is paid, allowed or due together with an estimate for the policy period of all such remuneration. \* \* \* The foregoing estimates of remuneration are offered for the purpose of computing the advance premium. The Company shall be permitted to examine the books of this Employer at any time during the policy period and any extension thereof and within one year after its final termination so far as they relate to the remuneration earned by any employees of this Employer while the policy was in force.

"Item 5. This Employer is conducting no other business operations at this or any other location not herein disclosed—except as herein stated: no exceptions

\* \* \* \* \*

"Central Surety and Insurance Corporation

"(A stock company, herein called the Company) DOES HEREBY AGREE with this Employer, named and described as such in the declarations forming a part hereof, as respects personal injuries sustained by employees, including death at any time resulting therefrom as follows:

"One. (a) To Pay Promptly to any person entitled thereto, under the Workmen's Compensation Law and in the manner therein provided, the entire amount of any sum due, and all installments thereof as they become due,

\* \* \* \* \*

"One. (b) [As amended by attached endorsement]

"It is agreed that the first sentence of Paragraph One (b) of the policy is amended to read:

" 'To indemnify this Employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries sustained by employees within the territorial limits of the United States of America or the Dominion of Canada.'

\* \* \* \* \*

"Three. To Defend, in the name and on behalf of this Employer, any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent.

\* \* \* \* \*

"THIS AGREEMENT IS SUBJECT TO THE FOLLOWING CONDITIONS:

"A. The premium is based upon the entire remuneration earned, during the policy period, by all employees of this Employer \* \* \*.

\* \* \* \* \*

"F. This Employer, upon the occurrence of an accident, shall give immediate written notice thereof to the Company with the fullest

information obtainable. He shall give like notice with full particulars of any claim made on account of such accident. If, thereafter, any suit or other proceeding is instituted against this Employer, he shall immediately forward to the Company every summons, notice or other process served upon him. Nothing elsewhere contained in this policy shall relieve this Employer of his obligations to the Company with respect to notice as herein imposed upon him.

"G. No action shall lie against the Company to recover upon any claim or for any loss under Paragraph One (b) foregoing unless brought after the amount of such claim or loss shall have been fixed and rendered certain either by final judgment against this Employer after trial of the issue or by agreement between the parties with the written consent of the Company, nor in any event unless brought within two years thereafter.

\* \* \* \* \*

"J. If this Employer carries any other insurance covering a claim covered by this policy, he shall not recover from the Company a larger proportion of any such claim than the sum hereby insured bears to the whole amount of valid and collectible insurance."

It is the contention of defendant that the insurance issued by Central covered not only the liability of the partnership to its employees but the liability of the individual members of the partnership to employees injured in the course of their employment as well.

We are committed to the rule that a member of a partnership may be personally liable for his own negligence to an employee of the partnership injured while in the course of his employment under M. S. A. 1949, § 176.06. Gleason v. Sing, 210 Minn. 253, 297 N. W. 720; Monson v. Arcand, 239 Minn. 336, 58 N. W. (2d) 753. This rule is based on our determination that, for the purposes of our workmen's compensation law, a partnership is a separate legal entity from the individual members of the partnership and that, where an employee is injured as a result of the negligence of one of the partners, the employee may elect to sue such partner individually as a third party under § 176.06. The basis for our decision in affirming

recovery in the main action is to be found in the following language (239 Minn. 339, 58 N. W. [2d] 755) :

"The first issue presented by this case is whether defendant was an employer of plaintiff and thus, other qualifications being met, liable to plaintiff only for workmen's compensation. This question has been answered in the negative in Gleason v. Sing, 210 Minn. 253, 297 N. W. 720, where this court held under similar circumstances that a member of a partnership is not, in his individual capacity, an employer of an employee of the partnership. Only the partnership is the employer, the partnership being for this purpose an entity distinct from its members. *No claim is made in the instant case that plaintiff was employed by defendant separate and apart from his employment by the partnership.* * * * we are committed to the view that, for the purpose of determining whether a partner is liable only for workmen's compensation as an employer or liable for damages as a third party, the partnership of which he is a member is a separate employing entity and *an employee of the partnership is not the employee of the individual partner.*" (Italics supplied.)

We considered the liability of Central under the very policy here involved, and in that connection, while we did not decide the issue, we said (239 Minn. 341, 58 N. W. [2d] 756) :

"Defendant claims to be an insured third party within the meaning of this provision [§ 176.06] by virtue of the workmen's compensation policy issued to him and his brother by the Central Surety and Insurance Corporation. He argues that by naming him and his brother individually the policy insures them personally and is not limited to the partnership liability. Plaintiff argues, on the other hand, that the policy cannot be construed to cover defendant as an individual because it specifies 'Co-Partnership.' We do not find it necessary to construe the policy because, in our opinion, the quoted provision of the statute is inapplicable for other reasons.

*        *        *        *        *

"* * * Defendant has neither shown nor asserted that he, as an individual separate and apart from the partnership, employed

anyone. Since he was not an employer, we fail to see how he could be insured in accordance with § 176.03 regardless of how the policy in question is construed."

The policy of insurance we are now considering is replete with references to liability of the employer. Nowhere does it refer to liability of anyone else than the employer. To hold Central liable on this policy now would require that we hold that the insurance coverage extended beyond the liability of an employer. So to hold would require us to ignore the entire tenor and terms of the policy. The policy is entitled "Standard Workmen's Compensation and *Employers' Liability* Policy." (Italics supplied.) Nearly every clause refers to the liability of an employer to an employee. It matters little here whether the policy refers to the insured as a partnership or as individuals. If the individuals are the employers, which would be directly contrary to our former decision and to the contentions of plaintiff in the former case, we still would be faced with the problem that the policy covers only the liability of an employer and that the liability of an employer for the injuries here involved are limited to the benefits granted by the workmen's compensation act. Before plaintiff could recover in the main action, it was incumbent upon him to establish that Hector Arcand, as an individual, was not his employer.[2] Having successfully established liability against Hector Arcand as an individual on the theory that he was not an employer, he now joins hands with defendant in asserting that, even though

---

[2] On page 12 of plaintiff's brief in the former appeal to this court we find the following significant argument:

"* * * The only policy of compensation insurance involved in the case is defendant's Exhibit 5, set forth at length in appellant's brief at page 22. Examination of Exhibit 5 shows it to be a policy issued to the *employer* Hector W. Arcand, and Clement J. Arcand, co-partnership, as follows:

" 'Declarations:

" 'Item 1. Name of *Employer*:

" 'Hector W. Arcand and Clement J. Arcand, P. O. Address 1303 Woodbridge, St. Paul, Minn. Individual, corporation or Partnership: *co-partnership*'.

"Nothing could be more clear than that this policy was intended to and did cover only the co-partnership, and not the brothers individually. The

Hector Arcand as an individual was not the employer, he can still recover from the insurer on the employer's liability policy. So to hold would require us to determine that this insurance policy, in spite of its expressed terms, is not an employer's liability policy at all. That we cannot do. The policy clearly covers the liability of the employer to his employees and nothing more. The liability here involved is not the liability of an employer to an employee, but, on the contrary, it is a liability which rests on a rule of law that we follow that the individual members of the partnership are not the employer. On no other theory could plaintiff have prevailed in the main action. It follows that this liability is not within the coverage of this policy of insurance.

We are not unmindful of the fact that the necessary result in this case creates a hardship as far as defendant is concerned. Neither do we doubt that defendant thought he was fully protected from liability as an employer to his employees. The difficulty arises, however, from his failure to comprehend that he might be liable personally to an employee in an action against him for common-law negligence separate and apart from his liability as a partnership employer. That is one of the unfortunate results which must be balanced against the correlative benefits to an employee in determining whether to adopt or reject the rule that we follow in holding that an individual partner may be sued as a third party in an action of this kind. The authorities are not in harmony on this subject.[3] The danger of

declaration refers to the singular *employer*. It then names the Arcand Brothers, the partnership.

"Conclusive is the choice of the three alternatives offered to describe the assured. The alternatives were *'individual,* corporation, or *partnership'*. The word selected to describe the assured by the parties to the insurance contract was the word *'co-partnership'*. The obvious intention was to insure a partnership—Arcand Brothers. The declaration so states. How easy it would have been to insure the individual partners as well as the partnership is suggested by appellant [defendant and appellant here] at R. 187, f. 1, where he describes the policy:

" 'Mr. Richards: It doesn't say they are insured as a co-partnership. I believe it says they are insured as co-partners.' "

[3]See, 31 Minn. L. Rev. 503; Monson v. Arcand, 239 Minn. 336, 58 N. W. (2d) 753.

this rule to members of a partnership is pointed out in a note in 31 Minn. L. Rev. 505, where the author of the note advisedly makes the following recommendation:

"* * * It might be well to add that, in view of the position of the Minnesota Supreme Court on the problem, members of Minnesota partnerships would do well to carry personal liability insurance as protection against possible tort liability to their employees."

Here defendant did in fact carry such insurance with Underwriters at Lloyds of Minneapolis covering his personal liability, but, unfortunately, the insurance he carried as an individual is insufficient to cover the amount of the judgment obtained against him.

It seldom is possible to apply established rules of law to a given set of facts so as to arrive at a solution equally satisfactory to all parties. Frequently the interests of conflicting parties must be balanced against each other in determining whether to adopt or reject a given rule of law. However that may be, a unilateral misunderstanding as to the legal liability of a partner as an individual as distinguished from his liability as a member of the partnership under our workmen's compensation act gives us no license to extend the coverage of this insurance beyond the clear terms of the policy and to saddle the insurer with a risk it did not accept and for which it received no premium. Rather, we must apply the law we have adopted so that the loss falls where the law places it in spite of any natural dislike we may have for the hardship it may cause the defendant in any particular case.

Defendant next contends that Central is liable under our partnership law on the theory that the individual members of a partnership are liable for the obligations of the partnership. The difficulty with this argument is that, before liability can attach to an individual partner, the partnership as such must be liable. Here the partnership as an employer could not be liable for negligence beyond its liability under the workmen's compensation act, under the facts in this case. If the partnership had been sued, as was the individual member of the partnership, a plea that its liability was limited to

the workmen's compensation act would be a complete bar to the action.

It seems clear to us that liability under this policy is limited to the liability of an employer to his employee; that the judgment in the main action here is based on a common-law liability for negligence of a member of a partnership as an individual, not as an employer; hence, that such liability is outside the coverage of this insurance policy.

Affirmed.

