MARY ELIZABETH McNAMARA *vs.* JOHN B. McNAMARA
ET AL.

First Judicial District, Hartford, January Term, 1917.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Section 43 of the Workmen's Compensation Act, as amended by § 22
of Chapter 288 of the Public Acts of 1915, provides that an "em-
ployee" shall not be construed to include "a member of the em-
ployer's family dwelling in his house." *Held* that this did not
exclude a son, employed by a firm of which his father was a member,
from the privileges and benefits of the Act, although at the time of
his injury, which proved fatal, he was living with his father in the
latter's house as one of the family; and therefore the decedent's
sister, who was next of kin and dependent upon him for support,
was entitled to compensation under the provisions of the Act.

Argued January 5th—decided February 21st, 1917.

APPEAL by the respondents from a finding and award
of the Compensation Commissioner of the first district
in favor of the claimant, taken to and tried by the Su-
perior Court in Hartford County, *Shumway, J.*, which
affirmed the award and dismissed the appeal, from which
judgment the respondents appealed. *No error.*

*A. Storrs Campbell*, for the appellants (respondents).

*Alexander W. Creedon*, for the appellee (claimant).

RORABACK, J. It appears that the respondents are
a copartnership consisting of two members, John Mc-
Namara and David Greenberg. In December, 1915,
this partnership was engaged in the business of buying
and selling wagons, renting horses and wagons, and in
rendering livery service by automobile. The claim-
ant was the sister of John McNamara, Jr., who, when
he was injured, was in the employ of this copartnership.

At this time he had been so employed for about five years. John McNamara, the partner, was the father of John, Jr., who at the time of his injury was a member of his father's family and residing in his father's house. On the 26th of December, 1915, John McNamara, Jr., was instructed by his employer, the copartnership, to take a party of two to Simsbury in an automobile owned or controlled by the copartnership. While engaged in the performance of this duty he sustained an injury as a result of which he died on January 25th, 1916.

Chapter 138, § 43, of the Public Acts of 1913, as amended by the Public Acts of 1915, Chapter 288, § 22, provides that " 'Employee' shall mean any person who has entered into or works under any contract of service or apprenticeship with an employer, whether such contract contemplated the performance of duties within or without the State. It shall not be construed to include either (a) an outworker, or (b) one whose employment is of a casual nature, and who is employed otherwise than for the purpose of the employer's trade or business, or (c) a member of the employer's family dwelling in his house." This section also provides that " 'Employer' shall mean any person, corporation, firm, partnership, or joint stock association, the State, and any public corporation within the State using the services of another for pay."

The respondents now contend that the Superior Court erred in affirming the award of the Compensation Commissioner, and in holding, from the facts found, that the employee came within the provisions of § 22 of Chapter 288 of the Public Acts of 1915. It is urged that the provisions of the Act of 1915 prevent a recovery in the case of an employee who, when he was injured, was a member of the family and dwelling in the house of one of the copartners.

There is a serious objection to taking this view of such a construction of this Act. It is conceded that when John McNamara, Jr., was injured, he was in the employ of the copartnership. The fact that he was a member of and residing in the house of one of the copartners is immaterial. By the terms of the statute the true test of liability to be applied in the present case is the fact that the partnership was his employer. Such an intent is expressed in clear terms in the subdivision of the statute which follows the one defining an "employee." *Sibley* v. *State*, 89 Conn. 682, 684, 96 Atl. 161.

But the respondents now insist that such a construction would be to hold that a copartnership is a legal entity, entirely separate from that of its members. It needs no argument, however, to demonstrate that the doctrine of legal entity of a copartnership has no application to the case now before us. Here we have the relation of master and servant between the deceased and the copartnership. The servant, while in the performance of his duty and in the transaction of the business of the copartnership, received injuries which resulted in his death. The statute of 1915 in plain terms fixes the status of the parties under such conditions, by providing that an "employer" shall include a "partnership . . . using the services of another for pay."

There is no error.

In this opinion the other judges concurred.