BRIDGET A. KEEGAN v. B. A. KEEGAN AND OTHERS.[1]

April 12, 1935.

No. 30,112.

*Robb, Rich & Reynolds,* for relator.
*G. P. Mahoney,* for respondent.

HILTON, JUSTICE.

*Certiorari* by Commercial Casualty Insurance Company to review an award of the industrial commission.

The commission adopted the findings of fact and affirmed the award of the referee. It was found that on May 10, 1933, M. E. Keegan was in the employ of B. A. Keegan and Dennis Brophy; that he sustained injuries on that date from which he died May 18, 1933. The award was for eight dollars per week during dependency, not to exceed $7,500, and in addition thereto an amount cover-

[1]Reported in 260 N. W. 318.

ing expenses paid. The petitioner, Bridget A. Keegan, is the widow of M. E. Keegan and is the person designated above as B. A. Keegan. The relator contends (a) that B. A. Keegan and Dennis Brophy were a partnership; (b) that M. E. Keegan was not an employe thereof but was, with his wife, in fact a member of the partnership; (c) that, assuming M. E. Keegan was an employe of the partnership, there can be no liability on its part or on its members or on the partnership's insurer for the reason that petitioner was a member of the partnership, and the liability, if any, arose out of a partnership contract of hire with the deceased.

■ Petitioner and Dennis Brophy were operating the apartment building in which M. E. Keegan was killed. They held themselves out as partners, and relator insured them as such; the net proceeds derived from the operation of the apartment building were divided equally between them. These circumstances, with others not necessary to mention, clearly constituted them partners rather than tenants in common as contended by petitioner. See 2 Mason Minn. St. 1927, §§ 7389, 7390.

■ Decedent supervised the rental of space in the building, the making of repairs and decorations, hired and discharged other employes, collected rents, and was its general manager. For these services he was paid monthly with checks drawn upon the bank account of the partnership. He rendered a statement regularly every two months of the income and disbursements; regular audits of his account were made. The services rendered by him were substantial. No division of profits was made with him. The finding that decedent was an employe was a proper one. He was not a member of the partnership.

■ The only remaining question in the case is whether under the relationship existing the dependent widow of the decedent has a right to recover compensation against the partnership and its insurer. Had M. E. Keegan not died as a result of the accident he would have been entitled to recover compensation from the partnership and its insurer. Had Mrs. Keegan not been a member of the employer-partnership she would have been as a matter of course entitled to compensation on account of his death. Does the cir-

cumstance that she was a member of the employer-partnership preclude her from receiving the compensation? We think not.

The workmen's compensation act is to be liberally construed. The salutary purposes thereof are apparent. Without such an act an action by an injured employe or his dependents must first be maintained against the employer; recourse against the insurer may be had by appropriate proceedings after the successful determination of that action. Under the act, proceedings by an injured employe or his dependents may be brought directly against the employer and insurer at the same time.

At common law a partnership is not a person or an entity, and one partner cannot maintain an action at law on a matter arising out of partnership transactions against a copartner or the partnership without a dissolution and accounting. 5 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 7347; 47 C. J. p. 802, § 250. The common law as to partnerships has been markedly changed. Although the uniform partnership act does not make a partnership an entity for all purposes, it does so treat it in certain respects and for certain purposes. Under that act (adopted in Minnesota in 1921, 2 Mason Minn. St. 1927, §§ 7384-7428) a partnership may take title to real estate and convey it in the firm name. § 7393. This could not be done at common law. In Minnesota a partnership may be sued in its own name, whether such name comprises the names of the members thereof or not. § 9180. The bankruptcy act recognizes a firm as an entity for certain purposes. Francis v. McNeal, 228 U. S. 695, 699, 33 S. Ct. 701, 702, 57 L. ed. 1029, L. R. A. 1915E, 706. In that case Mr. Justice Holmes observed:

"Since Cory on Accounts was made more famous by Lindley on Partnership the notion that the firm is an entity distinct from its members has grown in popularity, and the notion has been confirmed by recent speculations as to the nature of corporations and the oneness of any somewhat permanently combined group without the aid of law."

For a review of some changes in partnership law made by the uniform act, see Windom Nat. Bank v. Klein, 191 Minn. 447, 254

264

N. W. 602. For a general discussion on partnership as an entity, see 1 Rowley, Modern Law of Partnership, p. 118, § 117, *et seq.*

Under the circumstances of the instant case, we hold that the partnership was an entity to the extent of entitling the dependent widow to the compensation awarded. Relator will pay no more than the amount it contracted for. It would be a travesty on justice to permit it to escape by application of a common law rule long since modified.

Attorney's fee of $100 is allowed respondent in this court.

Affirmed.

STONE, JUSTICE (concurring).

I concur in the result. The insurer is under no liability other or different than that of the insured. It does not get us anywhere to argue that if Mr. Keegan had been injured while in the employ of the partnership he would be entitled to compensation. Of course he would. He would be equally entitled to compensation if, while in the employ of his wife alone, he had suffered an injury arising out of his employment and in the course thereof. But if in that case he had died, his surviving wife would have been without right of recovery for the simple reason that the law knows of no process whereby one person may recover against himself. If in the case now supposed the wife had carried compensation insurance covering her husband as an employe, the husband, if injured and surviving, could recover from the insurer, but only because of the primary and basic liability of the wife as an employer. However, if he had been killed, his wife could not have recovered against the insurer simply because there would be no primary liability against herself in favor of herself.

But, under the workmen's compensation act, partnerships are liable as employers. 1 Mason Minn. St. 1927, § 4326(d). Hence the firm of Keegan and Brophy, as an employer, was so liable. The resulting claim of Mrs. Keegan for compensation for her husband's death is but a new kind of claim, of statutory derivation, which one partner may have, and in this case has, against the partnership and its assets. The uniform partnership law, § 18(a), 2 Mason

Minn. St. 1927, § 7401(a), and § 7423(b) II, recognizes that a partner may have claims against the partnership, but there is no exclusionary definition of them. I agree that such a claim as this, for workman's compensation, is included.