In the Matter of the Claim for Benefits under Article 18 of the Labor Law, Made by ROSE SCHWARTZMAN and DORA GOLDSTEIN, Copartners Engaged in Business under the Firm Name and Style of METRO ROOFING & SHEET METAL WORKS.

ROSE SCHWARTZMAN and DORA GOLDSTEIN, Copartners, etc., Appellants; FRIEDA S. MILLER, as Industrial Commissioner, Respondent.

Third Department, November 12, 1941.

*Sydney J. Schwartz,* for the appellants.

*John J. Bennett, Jr., Attorney-General; Henry Epstein, Solicitor General [Julia M. Cook, Assistant Attorney-General,* of counsel], for the respondent.

HEFFERNAN, J. The Unemployment Insurance Appeal Board affirmed a decision of an unemployment insurance referee holding

that salaries paid to the husbands of appellants were properly included as part of their taxable payroll and from that determination appellants have come to this court.

The question for decision is a novel one. No precedent has been called to our attention in this State or in other jurisdictions and our own research has revealed none.

The facts are not in dispute. Appellants, copartners, are engaged in the roofing and sheet metal business under the firm name and style of Metro Roofing & Sheet Metal Works. They concede that they are subject to the Unemployment Insurance Law. Among the employees of the partnership are Max Schwartzman and Nathan Goldstein, the husbands of Rose Schwartzman and Dora Goldstein, respectively. The Division of Placement and Unemployment Insurance determined that the salaries of the husbands should be included in the taxable payroll of the wives.

Appellants contend that the salaries of their husbands are exempt from payroll tax under the provisions of section 502 of the Unemployment Insurance Law (Labor Law, art. 18, §§ 500–539). The referee and the Appeal Board rejected this contention and, we think, rightly so. The pertinent provisions of that section are:

" § 502   *   *   *   1.   *   *   *   but for the purposes of this article, ' employment ' shall not include:   *   *   *   (2) employment by an employer of his spouse or minor child."

" § 502   *   *   *   3. ' Employer ' means any person, partnership, firm, association, public or private, domestic or foreign corporation,   *   *   *."

As we interpret this statute there is nothing in the language used which grants an exemption to partners on the salaries of the husbands of the individuals composing the firm. A grant of exemption from taxation is never presumed; on the contrary, in all cases of doubt as to the legislative intention, or as to the inclusion of particular property within the terms of the statute, the presumption is in favor of the taxing power and the burden is on the person challenging it to establish clearly his right to exemption. In other words, taxation is the rule and exemption the exception. (*People ex rel. Savings Bank* v. *Coleman*, 135 N. Y. 231; *People ex rel. Andrews* v. *Cameron*, 140 App. Div. 76; affd., 200 N. Y. 585.)

Appellants place great emphasis on the fact that a partnership is not a legal entity separate and apart from the individuals composing the firm. While that statement is correct as a general rule yet for many purposes a partnership is regarded by the courts as a separate entity. (*Meek* v. *Centre County Banking Co.*, 268 U. S. 426; *Ardolino* v. *Ierna*, 225 App. Div. 439; *Hartigan* v. *Casualty Co. of America*, 227 N. Y. 175.) We think that appellants'

argument on that aspect of the case is not pertinent to the question before us.

Subdivision 1 of section 10 of the Partnership Law defines a partnership as follows: " A partnership is an association of two or more persons to carry on as co-owners a business for profit."

The statute under consideration provides that employment shall not include employment by an employer of his spouse or minor child and that the term employer includes a partnership.

It is quite significant that under the definition of " employer " the Legislature has used the word " partnership " and not the word " partner," referring to the firm as a whole and as a separate employing unit. Obviously it was the legislative intent to treat a partnership as an employing unit separate and apart from its several partners.

Under the statute before us the Legislature has enumerated the separate categories of employer. It has set forth the separate employing units. A partnership is one of these.

We are convinced that the only employer to whom the exemption can apply is an individual employer, for only such a person can have a spouse or minor child. A partnership can have neither spouse nor child. If the Legislature had intended to exempt the spouses of partners we think it would have said so. An exemption from taxation must be expressed in clear and unambiguous language and appear to be indisputably within the intention of the Legislature.

The decision of the Unemployment Insurance Appeal Board should be affirmed, with costs to respondent.

CRAPSER, BLISS and SCHENCK, JJ., concur; HILL, P. J., dissents.

HILL, P. J. (dissenting). I am unable to see the force of *Hartigan* v. *Casualty Co. of America* (*supra*) or *Jones* v. *Blun* (145 N. Y. 333). Each of those cases involves two partnerships of which there were common members, in part. I believe the language in *Matter of Peck* (206 N. Y. 55), *Kavanaugh* v. *McIntyre* (210 id. 175) and *Caplan* v. *Caplan* (268 id. 445, 455) indicates that the entities are the copartners, each uniting with another or other entities in a common business. I favor reversal.

Decision affirmed, with costs to respondent