HENRY FINSTON AND DAVID NAIDECH, ETC., ET AL., PROSECUTORS, v. THE UNEMPLOYMENT COMPENSATION COMMISSION OF NEW JERSEY, RESPONDENT.

Submitted October 3, 1944—Decided November 8, 1944.

Before Justices CASE, BODINE and PORTER.

For the prosecutors, *Joseph H. Lerner* and *William Harris.*

For the respondent, *Herman D. Ringle* and *Charles A. Malloy.*

The opinion of the court was delivered by

CASE, J. The Unemployment Compensation Commission found that "David Naidech and Henry Finston, trading as Jersey Appliance Company, are subject employers and liable for contributions and reports on all wages payable by them since July 1st, 1937." That finding is challenged under a writ of *certiorari.*

On June 26th, 1937, a partnership was formed consisting of Augusta Naidech, David Naidech (a son of Augusta Nai-

dech) and Henry Finston under the trade name of New Jersey Coal and Supply Company. The business had been long established. It had been started by Hyman Naidech, husband of Augusta Naidech. On Hyman Naidech's death in 1929 Mrs. Naidech, individually, continued the business for a time. Then she incorporated it, holding sixteen of the twenty outstanding shares of stock. As of July 1st, 1937, she dissolved the corporation and formed the partnership. That partnership is engaged in the retail sale of coal and mill supplies at Nutley, New Jersey. It was, and for the purposes of this determination will be regarded as still being, a subject employer under the provisions of the New Jersey Unemployment Compensation Act; that is to say, that it has eight employees and is within the application of the statute. Augusta Naidech has an eighty per cent. interest (a continuance of her proportion of ownership of the corporate stock) in that partnership. The remaining twenty per cent. interest is divided between David Naidech and Henry Finston.

At about the same time, July 1st, 1937, or shortly thereafter, David Naidech and Henry Finston formed the partnership which trades under the name of Jersey Appliance Company. That partnership was and is engaged in the business of buying, selling and repairing refrigerators, washing machines, electric irons and other electrical appliances at Belleville, New Jersey. There is no connection between the New Jersey Coal and Supply Company and the Jersey Appliance Company other than that David Naidech and Henry Finston, sole partners in the Appliance Company, hold a minority interest in and participate to an extent in the management of the Coal and Supply Company. Mrs. Naidech has no interest in and no control over the employees or the affairs of the Appliance Company and does not participate directly or indirectly in its management. The Jersey Appliance Company does not have, and at no time during its existence has it had, eight employees. Neither of the named partnerships is a subsidiary or an affiliate of the other. There is neither proof nor suggestion of fraud upon, or purposeful evasion of, the statute.

It is first argued on behalf of the respondent that a partnership is not a legal entity and that, therefore, the employees of a partnership are the employees of the individuals constituting the partnership. We shall not attempt the difficult task of defining a partnership. Its aspects differ with the changing angle of viewpoint. Sometimes it is referred to as a contract, *In re Gibb's Estate (Pa.)*, 27 *Atl. Rep.* 383; again, as a relation or status, the result of a contract, somewhat as marriage is a relation or status, *Haggett* v. *Hurley*, 91 *Me.* 542; 40 *Atl. Rep.* 561; again, as an association, *e. g.,* our Uniform Partnership Law, *R. S.* 42:1–6, "A partnership is an association of two or more persons * * *;" and our Workmen's Compensation Act, *R. S.* 34:15–36, provides that " 'Employer' * * * includes natural persons, partnerships and corporations * * *." In *Curtis* ads. *Hollingshead,* 14 *N. J. L.* 402, Chief Justice Hornblower, speaking for the Supreme Court on an issue in attachment, said (at *p.* 410) : "* * * The partnership, the ideal person, formed by the union of interest, is the legal debtor. A partnership is considered in law as an artificial *person* or *being* distinct from the individuals composing it. It is treated as such in law and in equity." Under our Uniform Partnership Law any estate in real property may be acquired in the partnership name and when so acquired may be conveyed only in that name (*R. S.* 42:1–8 (3) ). But whatever the sense in which the word is used, partnership is clearly something more than just one individual added to other individuals; and the fact that the aspects of it vary with varying circumstances makes it necessary, in each instance, to study the context and the function of the word. So, too, "entity" is a word with elastic application. It is defined as something which has reality and distinctness of being; but that reality and distinctness may be either in fact or in thought (Webster's New International Dictionary). Enough has been said to show that while a partnership does not have a separate existence for all purposes and is by no means of such detached individualism as is a corporation (although even a corporate structure may disintegrate into elements of flesh and blood when subjected to certain equitable incidents, *Telis* v. *Telis,* 132 *N. J. Eq.* 25), nevertheless in divers

respects a partnership may, in this jurisdiction, come within the legal conception of a distinctive being, viz., an entity. Our present problem is to discover the significance of the word "partnership," not generally, or as a phase of partnership law, but in the particular statute with which we are now concerned; and if a partnership is there conceived of as a reality with distinctness of being, then, so far as this case goes, partnership is an entity.

Employment compensation is a statutory innovation. It confers new rights and new obligations without common law equivalents. The legislature, in creating it, made various arbitrary provisions, one of which is, in effect, that neither the burdens nor the benefits may be visited upon employees or employer where those actually in employment shall be less than eight, a provision that is not to be altered by judicial construction. *Miller Auto Gear and Parts Co., Inc.,* v. *Unemployment Compensation Commission,* 132 *N. J. L.* 34. In the instant case the immediate employer has less than eight employees, but the Unemployment Compensation Commission held that under the statute it was subject to the obligations of the act because its partners were also partners in another partnership, namely, the New Jersey Coal and Supply Company, that was so subject. An employer, within the meaning of the statute, *R. S.* 43:21–19 (h) (4), is any "employing unit" which, together with one or more other "employing units," is owned or controlled by the same interests, or which owns or controls one or more other "employing units" and which, if treated as a "single unit" with such other "unit or interests," employs eight or more individuals. The phrase "employing unit" is thus defined in *R. S.* 43:21–19 (g) (italics inserted):

"Any individual or *type of organization, including any partnership,* association, trust, estate, joint stock company, insurance company or corporation, whether domestic or foreign, or the receiver, trustee in bankruptcy, trustee or successor thereof, or the legal representative of a deceased person, which has or subsequent to January first, One Thousand Nine Hundred and thirty six, had in its employ one or more individuals performing services for it within this State."

Taking the pertinent words of the statute, we have it that

" 'employing unit' means * * * any partnership * * * which has * * * in its employ * * *," &c. Clearly, the statute recognizes the partnership as an "organization" that has the right to, and does, employ. The inclusion of partnerships with individuals, companies, corporations and other employing units is persuasive that the legislature conceived of a partnership as an enity, for the purpose of *employing,* within the purview of the statute. Consequently, the argument that the employees of a partnership must be the employees of an individual constituting the partnership for the reason that the partnership is not a legal entity and cannot function as an employer is not, we think, well put. It is true that in construing the partnership relation and contracts growing out of the same courts have held that employees of the partnership are, on certain issues, employees of the individual partners, but we do not regard such holdings as guiding precedents for the determination of the present case. Let us assume that A, B and C are partners and that the partnership thus existing hires less than eight employees and is, therefore, as such, not subject to the statute; and further that B and C form another and entirely disconnected partnership which has eight employees and is, therefore, subject to the statute. Under respondent's argument that A, B and C partnership would be brought within the sphere of the statute and be subject to contributions and reports, and A, who does not have, and is not part of any organization that has, the requisite number of employees is ultimately liable to make such payments, and to carry such other burdens, as the statute places upon a subject employer. Such a development does not, in our opinion, comport with either the theory of partnership or the letter and spirit of the immediate statute.

Pursuing the theme of its first point respondent submits the further contention that the term "employing unit" as defined by the act does not constitute a partnership a legal entity. We have already indicated our view to the contrary.

Finally, it is said by the respondent that both partnerships are controlled by the same interests, and that, therefore, the Jersey Appliance Company is a subject employer under section 43:21–19(h)(4) of the Unemployment Compensation

Act.  The statutory reference has already been sufficiently stated.  The argument is based upon the supposition that David Naidech and Henry Finston, who control the Appliance Company, also own or control the Coal and Supply Company which is conceded to be an employing unit and a subject employer; but that supposition runs *contra* the proofs.  The testimony being that the partners in the Coal and Supply Company are Augusta Naidech, David Naidech and Henry Finston, these questions were asked of Henry Finston and thus answered:

"*Q.* Are both [*sic*] partners, with the exception of David Naidech, who you say is in the army, active in the management of this partnership?  *A.* Yes.

"*Q.* Do they control the employees and the finances of this partnership?  *  *  *  *A.* Yes."

We find from this testimony that the expression "both partners" relates to Augusta Naidech and David Finston, and that the New Jersey Coal and Supply Company is presently controlled by those partners.  It is manifest that on this factual finding Henry Finston and David Naidech, who own and control the Jersey Appliance Company, do not own and do not control the New Jersey Coal and Supply Company.

Moreover, if David Naidech were present and participating and the control of the Coal and Supply Company was, as assumed by respondent, by the partners on a numerical basis, that would not place either the ownership or the control of that company in him and Finston.  The word "owns" must be understood to refer to full ownership, and the word "controls" to full control.  When ownership or control is incomplete that limitation is usually expressed, as "half ownership," "partial control," or the like.  We do not say that a man owns a property when he owns only an interest therein; or with respect to a partnership consisting of A, B and C that A and B are in control simply because if they choose to combine on a given question they may control as to the decision of that question—perchance on another question the combination may be of A and C, or of B and C.

The finding of the Unemployment Compensation Commission will be reversed.