SCHLOSBERG et al. v. DISTRICT UNEM-
PLOYMENT COMPENSATION
BOARD.

No. 9628.

United States Court of Appeals
District of Columbia.

Argued Jan. 13, 1948.

Decided April 21, 1948.

Messrs. Mark P. Friedlander and Leroy A. Brill, both of Washington, D. C., for appellants.

Mr. Louis Mackall, Jr., Attorney, District Unemployment Compensation Board, of Washington, D. C., with whom Messrs. Vernon E. West, Corporation Counsel of the District of Columbia, Chester H. Gray, Principal Assistant Corporation Counsel, Joseph Notes, Assistant Attorney, District Unemployment Compensation Board, and John A. Weil, Assistant Attorney, District Unemployment Compensation Board, all of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and EDGERTON and PRETTYMAN, Associate Justices.

PER CURIAM.

Appellants, partners trading as National Brick & Supply Company, in 1943 leased and commenced to operate the plant of National Brick Company, Inc., a corporation in which they owned no stock. The Unemployment Compensation Act of the District of Columbia requires employers to pay contributions at different rates based on differences in experience. It provides that for the purpose of determining the rate, "two or more employing units which are parties to or the subject of a merger, consolidation, or other form of reorganization effecting a change in legal identity or form, shall be deemed to be a single employing unit if (a) the successor unit requests a transfer of the predecessor's experience within six months from date such change in legal identity or form occurred, * * * and (c) immediately after such change such successor is owned or controlled by substantially the same interests as the predecessor employing unit or units. If the Board shall deem two or more employing units to have become a single employer, it shall combine their experience, if any, with pay rolls, contributions and benefit charges * * *." D.C.Code (1940), Supp. V, § 46—303(c) (7), 57 Stat. 107, § 3(c) (7). The Unemployment Compensation Board declined to "combine the experience" of the National Brick Company, Inc., with that of appellant partners, because the Board found that appellants failed to prove they made a request for a "transfer of the predecessor's experience within six months from date such change * * * occurred."

Appellants applied to the District Court for review. The court affirmed the Board's finding as supported by substantial evidence. D.C.Code (1940), Supp. V, § 46—303(c) (10). We agree. Appellants had the burden of proving that they made a timely request. The only evidence in their favor was the testimony of one man that he had included such a request in a letter he wrote to the Board three years before the time of his testimony. Neither the original nor a copy of the letter was produced. Even if no adverse testimony had been presented the Board's adverse finding would not have been unreasonable.

The action of the Board and of the court was right for other reasons also. The corporation and the partnership were not "parties to or the subject of a merger, consolidation, or other form of reorganization." The change effected was not a mere "change in legal identity or form"; it was a complete change in the substantial as well as the formal ownership of the business. The successor was not "owned or controlled by substantially the same interests as the predecessor." The fact that appellants retained their predecessor's manager and employees is immaterial.

The Board was not estopped by the fact that, before it discovered the change of ownership, it collected contributions from the new owners at the old rate. We think it unnecessary to discuss appellants' other contentions.

Affirmed.