## COHEN et al. v. DISTRICT UNEMPLOY-
## MENT COMPENSATION BOARD.

No. 9521.

United States Court of Appeals
District of Columbia.

Argued Jan. 14, 1948.

Decided April 21, 1948.

Mr. Sydney R. Rubin, of Washington, D. C., with whom Messrs. Harry Friedman and Maurice Friedman, both of Washington, D. C., were on the brief, for appellants.

Mr. Sydney Lewis, of Washington, D. C., also entered an appearance for appellants.

Mr. Louis Mackall, Jr., Attorney, District Unemployment Compensation Board, of Washington, D. C., with whom Messrs. Vernon E. West, Corporation Counsel of the District of Columbia, Chester H. Gray, Principal Assistant Corporation Counsel, Joseph Notes, Assistant Attorney, District Unemployment Compensation Board, and John A. Weil, Assistant Attorney, District Unemployment Compensation Board, all of Washington, D. C., were on the brief, for appellee.

Before EDGERTON, WILBUR, K. MILLER, and PRETTYMAN, Associate Justices.

PER CURIAM.

"Cohen's," a firm engaged in the picture and framing business, formerly had four partners. Harry L. Cohen, Albert Cohen, and David G. Freedman each owned a $\frac{2}{7}$ interest and Rose Cohen owned $\frac{1}{7}$. In 1943 each of the three men gave his wife half his interest. Thereafter the four former partners owned $\frac{4}{7}$ ($\frac{1}{7}$ each) and the three new partners $\frac{3}{7}$ ($\frac{1}{7}$ each). A new partnership agreement provided that the three men should have entire supervision and management of the several departments of the business and their wives should engage in "the sale of merchandise, and such other duties as they may be called upon to perform from time to time by the other partners."

The Unemployment Compensation Act of the District of Columbia requires employers to pay contributions at different rates based on differences in experience. In a business as well as a popular sense, Cohen's was the same employer before and after the admission of the three wives to

the firm. But the Unemployment Compensation. Board ruled that Cohen's became a new employer, required to pay contributions at a new rate, and the District Court sustained the Board. We think the Unemployment Compensation Act should be interpreted in accordance with its purpose. Its purpose is to protect employees. The admission of the new partners caused no change in management and no change in risk. This, we think, makes it irrelevant that a partnership is not for all purposes a legal entity. Karlson v. Murphy, 387 Ill. 436, 56 N.E.2d 839; Meyer v. Michigan Unemployment Compensation Commission, 311 Mich. 440, 18 N.W.2d 886, 159 A.L.R. 1195; Finston v. Unemployment Compensation Commission, 132 N.J.L. 276, 39 A.2d 697, aff'd, sub nom. Naidech v. Unemployment Compensation Commission, 134 N.J.L. 232, 46 A.2d 734. Cf. N.L.R.B. v. Hearst Publications, Inc., 322 U.S. 111, 64 S.Ct. 851, 88 L.Ed. 1170; Grace v. Magruder, 80 U.S.App.D.C. 53, 148 F.2d 679, certiorari denied, 326 U.S. 720, 66 S.Ct. 24, 90 L.Ed. 426. It is immaterial that the statute enables "two or more employing units" to combine their experience, on timely request, after "a change in legal identity or form," D.C.Code (1940), Supp. V, § 46—303(c) (7), 57 Stat. 107, § 3(c) (7), and that no timely request was made. Since there was only one employing unit, this provision of the statute was not pertinent and no request was necessary.

Reversed.