Samuel SPENCER, Renah F. Camalier, Louis W. Prentiss, Clement F. Preller, Thomas W. Brahany, constituting the District Unemployment Compensation Board, Appellants,

v.

George LAMPROS and Helen Lampros, a Partnership, T/A "The Happiness Sandwich Shop", Appellees.

No. 11956.

United States Court of Appeals District of Columbia Circuit.

Argued April 19, 1954.

Decided Oct. 21, 1954.

Mr. Louis Mackall, Jr., Atty., Dist. Unemployment Compensation Board, Washington, D. C., with whom Messrs. Vernon E. West, Corp. Counsel for the District of Columbia, Chester H. Gray, Principal Asst. Corp. Counsel, and Joseph Notes and John A. Weil, Asst. Attys., Dist. Unemployment Compensation Board, Washington, D. C., were on the brief, for appellants.

Mr. Ward B. McCarthy, Washington, D. C., with whom Mr. George C. Vournas, Washington, D. C., was on the brief, for appellees.

Before EDGERTON, WILBUR K. MILLER, and DANAHER, Circuit Judges.

EDGERTON, Circuit Judge.

In April 1942 appellees, husband and wife, bought all the capital stock of Happiness Sandwich Shop, a Delaware corporation, and began operating its business. In February 1943 the corporation was dissolved. Appellees, as partners, continued to carry on the business.

An amendment of the District of Columbia Unemployment Compensation Act, effective July 1 1943, adopted an "experience" system for determining an employer's rate of contribution. The scale ranges from a maximum of 2.7 per

cent, based on payroll, for new employers to a minimum of 0.1 per cent for employers with long and stable employment records. The amendment provided that "two or more employing units which are parties to or the subject of a merger, consolidation, or other form of reorganization effecting a change in legal identity or form, shall be deemed to be a single employing unit if (a) the successor unit requests a transfer of the predecessor's experience within six months from date such change in legal identity or form occurred, or within six months from the effective date of this Act * * *." [1] 57 Stat. 107 (1943).

The partners failed to request a transfer of their corporate predecessor's experience within the statutory six months. Accordingly the Unemployment Compensation Board assessed them, as a new employer, at the maximum rate for the latter half of 1943 and for the years 1944 to 1947, inclusive. The District Court held that the partners were entitled to credit for the corporation's experience despite their failure to make timely request for it. We think the court erred.

The court relied on Cohen v. District Unemployment Compensation Board. We there held that in "a business as well as a popular sense" a partnership was "the same employer" before and after the wives of partners were admitted to the firm. It was therefore "immaterial that the statute enables 'two or more employing units' to combine their experience, on timely request, after 'a change in legal identity or form,' * * * and that no timely request was made." 83 U.S.App.D.C. 222, 223, 167 F.2d 883, 884. The present case seems to us quite different. The appellee partners may perhaps be, in a popular sense, the same employer as their corporate predecessor. They are not the same in a business sense. Not only lawyers but business men know that a corporation is quite different in several important respects from a partnership. In this very case, as the District Court points out, "the corporate entity was dissolved for business and accounting reasons". We think the dissolution and the resulting acquisition of the business by the appellees as partners was a "reorganization effecting a change in legal identity or form". It was therefore necessary for the partners to request "a transfer of the predecessor's experience".[2]

Moreover, by the terms of D.C. Code (1951) § 46–303(c)(10); 57 Stat. 108 (1943), the Board's rate determinations for the years 1945 through 1947 became "conclusive and binding upon the employer" within fifteen days after their issuance, in the absence of an application for "review and a redetermination" by the Board. The appellees made no application in respect to these years until April 15, 1948.

Reversed.

---

1. A 1946 amendment eliminated the six-month requirement prospectively, and allowed a successor employer who had failed to obtain credit for his predecessor's experience solely because of that requirement to apply for the credit for the next succeeding year. D.C.Code

1951, § 46–303(c) (7) (g); 60 Stat. 528. Appellees made application under this amendment in 1947 and were allowed the credit for 1948.

2. Cf. Schlosberg v. District Unemployment Compensation Board, 83 U.S.App. D.C. 220, 167 F.2d 881.