34 N.J. Super. 388 (1955)
112 A.2d 581
DOROTHY E. FELICE, PETITIONER-APPELLANT,
v.
ANTHONY FELICE AND THOMAS FELICE, TRADING AS FELICE OFFICE EQUIPMENT CO., RESPONDENTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 21, 1955.
Decided March 11, 1955.
*389 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Charles A. Cohen argued the cause for the appellant (Mr. Albert K. Plone, attorney).
Mr. Sidney P. McCord argued the cause for the respondents (Messrs. Tomlinson and Freeman, attorneys).
The opinion of the court was delivered by FRANCIS, J.A.D.
A single question is presented by this appeal. Felice Office Equipment Co. is a partnership consisting of Anthony Felice and Thomas Felice. Appellant, Dorothy Felice, is the wife of Anthony Felice; she is also an employee of the partnership. On September 27, 1951 she suffered an accident which arose out of and in the *390 course of her employment and she subsequently sought workmen's compensation. Her petition was dismissed in the Division of Workmen's Compensation and the County Court affirmed the dismissal. Both tribunals predicated their action on Bendler v. Bendler, 3 N.J. 161 (1949), which was deemed controlling. The issue to be determined then is whether an employee is barred from recovering the monetary benefits of the Compensation Act against a partnership employer because she is the wife of one of the partners.
At the outset it should be noted that the employment is not disputed. In fact, it appears that the wages of Mrs. Felice were included in the aggregate payroll of the partnership upon which the premium for the compulsory workmen's compensation insurance (R.S. 34:15-70 et seq.) was computed.
The Bendler case, supra, which was considered dispositive in the Division and in the County Court, involved a direct action between a husband and wife predicated on a contract of employment between them. The wife owned and operated a business and employed her husband to assist her. He was injured and sought compensation. The Supreme Court sustained the rejection of the claim, saying:
"But a contract of hire between spouses is utterly void and unenforceable at law. * * *

* * * * * * * *
"* * * Article II of the Compensation Act is not applicable where the relationship of master and servant does not subsist; and there is no such relation where the purported contract of hire is void at law. * * *" (3 N.J., at pages 168, 171.)
Manifestly, if that case is applicable it is binding here also. However, a differentiation is sought to be made on the ground that the partnership is the employer and not either one or both of the individuals who compose it. Basically, therefore, the question is: For purposes of the Workmen's Compensation Act, does a partnership employer have an individualism so detached from its members as to permit claims against it as an entity?
*391 The act declares an employer to include "natural persons, partnerships, and corporations." Employee is defined as synonymous with servant and as including all natural persons who perform service for another for financial consideration, with certain exclusions not significant here, except perhaps to note that an employee wife of a member of a partnership is not one of them. N.J.S.A. 34:15-36.
Under the common law a partnership had no existence apart from its members who had to be sued as individuals on partnership obligations. However, as the Supreme Court observed in X-L Liquors, Inc. v. Taylor, 17 N.J. 444 (February 14, 1955), with the passage of time and the commercial development of our country, partnerships "came to be widely regarded as separate entities by men in their business affairs and legislatures and courts began to make inroads into the common-law doctrine."
The Uniform Partnership Law, adopted in New Jersey in 1919 (R.S. 42:1-1 et seq.), exhibits a recognition of this development and treats a partnership as an entity in a number of respects. For example a partnership is defined as a "person" (R.S. 42:1-2); real estate may be acquired in the partnership name and when so acquired is conveyable only in that name. R.S. 42:1-8. Significant, too, are the legislative elimination of any dower right of a partner's wife therein, and the declaration that such property shall not be subject to attachment or execution on a claim against an individual partner but only on actions against the partnership. R.S. 42:1-25.
It may be noted in passing that section 5 of the act (R.S. 42:1-5) says that "In any case not provided for in this chapter the rules of law and equity, including the law merchant, shall govern." The law of merchants has long recognized a partnership as an entity separate and distinct from its members. Burdick, Partnership (2d ed. 1906), 2. And here it is relevant to point out that bankruptcy proceedings may be instituted against a partnership as an entity. 40 Am. Jur., Partnership, § 18, p. 138. Prior to the X-L Liquors, Inc. case, supra, the broadest acknowledgment of the changing *392 concept appeared in Finston v. Unemployment Compensation Commission, 132 N.J.L. 276 (Sup. Ct. 1944), affirmed sub nom. Naidech v. Unemployment Compensation Commission of New Jersey, 134 N.J.L. 232 (E. & A. 1946), where it was said that a partnership for purposes of taxation under the Unemployment Compensation Act is an entity  a reality with distinctness of being. We have no doubt that the social purposes which inspired the workmen's compensation and unemployment compensation legislation are identical.
The opinion of Justice Jacobs for the Supreme Court in the X-L Liquors, Inc. case, supra, unequivocally recognized that a partnership is a jural person for purposes of suit upon partnership obligations and that the action may be instituted in the trade name alone without joining the partners. "* * * There is little doubt that the interests of justice are advanced by permitting" this to be done.
This record shows that in the title of the action the petition named Felice Office Equipment Co. as the respondent; the employer is named therein in the business name alone; the answer is similarly entitled, the respondent's name is given the same way in the body thereof, and it is signed "Felice Office Equipment Co." by its attorney. Although this is not necessarily a controlling circumstance, manifestly the effort was to seek recovery against the employer as an entity.
For purposes of workmen's compensation an employee of a partnership cannot be said to be an employee of an individual member thereof. Each partner has the authority to engage employees in the ordinary course of business and to bind the firm in so doing. State Compensation Insurance Fund v. Industrial Accident Commission, 28 Cal. App.2d 474, 82 P.2d 732 (D. Ct. App. 1938); 40 Am. Jur., Partnership, § 161, p. 243. Such persons are employees of the entity and not of the individuals who form it. Monson v. Arcand, 239 Minn. 336, 58 N.W.2d 753 (Sup. Ct. 1953); Toenberg v. Harvey, 235 Minn. 61, 49 N.W.2d 578 (Sup. Ct. 1951); Keegan v. Keegan, 194 Minn. 261, 260 N.W. 318 (Sup. Ct. 1935); cf. Thomas v. Benson, 264 Mass. 555, 163 N.E. 181 (Sup. Jud. Ct. 1928); Wood v. Wood, 93 *393 L.J.K.B. 538, 130 L.T. 305, 16 B.W.C.C. 208 (C.A. 1923).
The doctrine has approval in New Jersey. In the Finston case, supra, Justice Case said:
"Consequently, the argument that the employees of a partnership must be the employees of an individual constituting the partnership for the reason that the partnership is not a legal entity and cannot function as an employer is not, we think, well put." (132 N.J.L., at page 280)
The Minnesota Workmen's Compensation Act, like that of New Jersey, defines employer as including a partnership. In giving effect to the legislative intention evidenced thereby, the Supreme Court said:
"By statute, therefore, a copartnership is a legal entity for purposes of determining liability under the workmen's compensation act to persons not members of such partnership." Toenberg v. Harvey, supra, 49 N.W.2d, at page 581.
At an earlier date this view was applied to the specific problem facing us here. In Keegan v. Keegan, supra, the decedent was an employee of a partnership made up of his wife and another person. He was killed in an accident arising out of his employment and on the detached individualism theory the wife, as his widow, was permitted to recover workmen's compensation.
All of these considerations have led us to the opinion that under the present state of the law the Workmen's Compensation Act has personified the partnership, Felice Office Equipment Co., for purposes of accomplishing the beneficent social intention of the Legislature, and that Mrs. Felice's contract of employment is with that jural person and not with her husband individually. 1 Larson, Workmen's Compensation Law, § 47.20 (1952); and cf. Hudson v. Gas Consumers Association, 123 N.J.L. 252 (E. & A. 1939); Damm v. Elyria Lodge, 158 Ohio St. 107, 107 N.E.2d 337 (Sup. Ct. 1952); Restatement, Agency, § 217, comment b.
The New York unemployment compensation law provides *394 that "employer" shall include any partnership, and also that the term employment shall not comprehend employment of a spouse or minor child. In In the Matter of Rose Schwartzman, 288 N.Y. 568, 42 N.E.2d 22 (Ct. App. 1942), it was held that husbands whose wives operated a partnership business, of which they were not members but employees, were not excluded. The Court of Appeals approved a statement of the Appellate Division that:
"* * * the only employer to whom the exemption can apply is an individual employer for only such a person can have a spouse or minor child. A partnership can have neither spouse nor child." (262 App. Div. 635, 30 N.Y.S.2d 882, 884 (3rd Dept. 1941)).
For these reasons we conclude that it was error to dismiss the petition for compensation. Accordingly the judgment is reversed.