UNITED STATES of America,
Plaintiff,

v.

LINEN SERVICE COUNCIL OF NEW JERSEY et al., Defendants.

Crim. A. No. 107–55.

United States District Court
D. New Jersey.

June 1, 1956.

512

Richard Owen, Atty., Dept. of Justice, Anti-Trust Division, New York City, for plaintiff.

Lorentz & Stamler, Jos. H. Stamler, Newark, N. J., for defendants.

MEANEY, District Judge.

The questions raised on the motion to quash subpoenae duces tecum are these: 1st, are the subpoenae too general in terms and not specifically indicative of the documents required; and 2nd, whether the subpoenae served on such of the parties as were partnerships are properly directed, and whether if the subpoenae are held to be valid, immunity will be granted to the partners, upon production of the records referred to in the subpoenae. In so far as the first question is concerned it seems to this court that the subpoenae are sufficiently specific with the amendment made by the government, and not oppressive in view of the government's assertion that it was content to examine the said records at the places of business of the various parties.

The second question involves a resolution of some seemingly contradictory determinations of various courts. First of all let it be said that the constitutional privilege against self-incrimination is a personal one, applying only to natural individuals. United States v. White, 1944, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542. A custodian of corporate records, whether he be an officer of the corporation or not, has no privilege to refuse to produce them. Essgee Co. of China v United States, 1923, 262 U.S. 151, 43 S.Ct. 514, 67 L.Ed. 917; Wilson v. United States, 1911, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771. So, too, an officer of an unincorporated association such as a labor union may not refuse to produce books and records of the union on the ground that they may tend to incriminate him. United States v. White, supra.

With particular reference to the partnerships involved in the motion under discussion, it would appear that all of them have their principal place of business in the State of New Jersey, which state adopted the Uniform Partnership Law in the year 1919, R.S. 42:1–1 et seq., N.J.S.A. In New Jersey a partnership is treated as an entity in many respects. See X–L Liquors, Inc., v. Taylor, 1955, 17 N.J. 444, 111 A.2d 753; Felice v. Felice, App.Div.1955, 34 N.J.Super. 388, 112 A.2d 581. However, partnerships are not jural persons for all purposes.

An analysis shows that there have been three different conclusions in the courts of the United States as to whether partners have a personality separate and distinct from the partnership for the purpose herein under consideration. One gives a definite "No" and says that the privilege is available to a partner as to partnership records, for they are personal records. United States v. Lawn, D.C. S.D.N.Y.1953, 115 F.Supp. 674; United States v. Brasley, D.C.W.D.Pa.1920, 268 F. 59. One is equivocal, holding that where the only purpose is to conduct the personal business of the partners there is no distinctness, while large, impersonal partnerships may take on their own personality. United States v. Onassis, D.C.D.C.1954, 125 F.Supp. 190; In re Subpoena Duces Tecum, D.C.N.D.Cal. 1948, 81 F.Supp. 418. Finally, the third sets forth an unequivocal "Yes" distinguishing or candidly disagreeing with the cases cited above. United States v. Onassis, D.C.S.D.N.Y.1955, 133 F.Supp. 327.

Significant to this court is a well-considered dictum by Chief Judge Biggs in

his dissenting opinion in United States v. White, 3 Cir., 1943, 137 F.2d 24, the majority opinion of which was reversed by the United States Supreme Court in United States v. White, supra. The learned Judge said at pages 27, 28:

> "A member of a partnership may maintain the privilege against self-incrimination in respect to the production of the records of the partnership. The right to choose one's fellow members, the delectus personarum, which is regarded as one of the most important and indispensable characteristics of a partnership, is not available to the members of a labor union. * * * Unlike the members of a partnership, the members of a union do not act as agents for each other or assume responsibility for the conduct of the other members. * * *"[1]

■ It is also important to note that a partnership, unlike a labor union, is not perpetual as is a corporation. It is for instance dependent on the life of every member, R.S. 42:1-31, subd. 4, N.J.S.A.

■ This court agrees with Judge Biggs and notes Boyd v. United States, 1886, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746, where the court without discussion assumed that documents of a partnership were private papers of a defendant partner (although this case was probably decided before the promulgation of the Uniform Partnership Law).

■ Counsel for the partnerships has consented to accept the subpoenae already served as directed to the partners. If the government requires the production of the documents referred to in the subpoenae directed to the partnerships, the individual partners will be granted immunity under the provisions of 15 U.S.C.A. § 32.

---

1. Note that this case came up from the Middle District of Pennsylvania and Pennsylvania adopted the Uniform Partnership Law before New Jersey. Pa. Stat.Ann. tit. 59, § 1 et seq. (1915).