62 N.J. Super. 250 (1960)
162 A.2d 601
ALICE EULE, PLAINTIFF-APPELLANT,
v.
EULE MOTOR SALES AND RUSSELL A. BOERTZEL, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 21, 1960.
Decided July 6, 1960.
*251 Before Judges PRICE, SULLIVAN and FOLEY.
*252 Mr. William V. Breslin argued the cause for plaintiff-appellant (Mr. William J. Scanlon on the brief).
Mr. Edward C. Hillis argued the cause for defendant-respondent Russell A. Boertzel (Messrs. Marley, Winkelried & Hillis, attorneys).
Mr. William R. Morrison argued the cause for defendant-respondent Eule Motor Sales (Messrs. Morrison, Lloyd & Griggs, attorneys).
The opinion of the court was delivered by FOLEY, J.A.D.
Plaintiff suffered personal injuries when a motor vehicle owned by Eule Motor Sales, a partnership, and operated by her husband Joseph Eule, collided with an automobile owned and operated by Russell A. Boertzel in Fairlawn, New Jersey. Joseph Eule was a general partner in Eule Motor Sales.
Plaintiff instituted this action against Eule Motor Sales and Boertzel; the partners, Joseph Eule and Arthur McKeever, were not joined as defendants. The answer filed in behalf of Eule Motor Sales denied that Joseph Eule was driving on the business of the partnership at the time of the accident and alleged affirmatively that the husband and wife relationship precluded a recovery against the partnership. Boertzel answered denying his liability and also filed a crossclaim against Eule Motor Sales based on the Joint Tortfeasors Contribution Law. N.J.S. 2A:53A-1 et seq.
After the case had been pretried and discovery completed, Eule Motor Sales moved for summary judgment under R.R. 4:58. Both the nonagency and interspousal immunity defenses were argued in a memorandum which accompanied this motion. The motion was granted by the trial court "for the reasons set forth in the oral arguments and supported by the brief of said defendant." Plaintiff appealed.
Preliminarily, we deem it advisable to define the scope of our opinion. The basic attack upon the judgment, as it *253 appears in plaintiff's brief, is that plaintiff should be permitted by "decisional law" to maintain an action against the partnership notwithstanding the fact that her husband was a member thereof. Additionally, the thesis projected in the brief is that interspousal immunity should be abolished in all tort actions. However, at the commencement of the oral argument counsel for plaintiff announced that, in light of the present state of the law, he would refrain from taking such a broad position but would confine his argument to a wife's right to maintain a tort action against a partnership of which her husband is a member, reserving, however, the right to urge upon the Supreme Court that interspousal immunity in all tort actions should be abolished. We shall restrict our treatment of the problem to the area delimited by counsel.
The theme espoused by plaintiff is that since her action is against the partnership entity as distinguished from the individual members thereof, her right of action should be viewed as if the partnership were a corporation, in which case the action would be maintainable. Cf. 1 Fletcher, Corporations, § 33 (1931). This contention is founded on the premise that in a case such as this a partnership is regarded as a jural entity.
The philosophy of Mazzuchelli v. Silberberg, 29 N.J. 15 (1959), is otherwise. There the court, after an extensive review of authorities, concluded that for the purposes of the Workmen's Compensation Act a partnership may not be deemed a jural entity. Id., 29 N.J., at pp. 19-24. In so holding the court made reference to what might be interpreted as a contrary view expressed in Felice v. Felice, 34 N.J. Super. 388 (App. Div. 1955). In Felice the Appellate Division permitted a recovery on a workmen's compensation claim by an employee against a partnership, of which her husband was a member, upon the theory that in the purview of the Workmen's Compensation Law, having in mind the beneficent social intention of the Legislature, the employee-wife's contract of employment was with a jural entity and *254 not with her husband individually. The Supreme Court in Mazzuchelli approved the result in Felice but said:
"We add that there is no conflict with the actual holding in Felice v. Felice, 34 N.J. Super. 388 (App. Div. 1955). * * * The result was a fair adjustment between a wife's ancient inability to sue her husband for tortious injury and the statutory policy that the consequences of industrial injury be deemed to be a business expense. The observations there made with respect to the relationship between the partners and an employee were unnecessary for the decision. * * *" 29 N.J., at p. 24
We find that the rationale of Mazzuchelli applies to the case sub judice and accordingly hold that for the purposes of this action the partnership is not a jural entity.
This inevitably brings into focus the relationship between the husband's interest in the partnership and the statutory immunity from suit for tortious injuries brought by the wife. In Koplik v. C.P. Trucking Corp., 27 N.J. 1 (1958), Justice Francis speaking for the court in noting that the common law, which denied redress between husband and wife by action at law or in equity, has been diluted in the various states and in England by "married persons" statutes, nevertheless held that R.S. 37:2-5 which recites that "Nothing in this chapter contained shall enable a husband or wife to contract with or to sue each other, except as heretofore, and except as authorized by this chapter," clearly debarred an action by the wife against her husband in a tort case, even though the tort was antenuptial in origin. In Koplik the court defined the ratio decidendi of actions between spouses thus:
"* * * the crucial criterion is simply whether the litigants are husband and wife. If so, the public policy of the State, as reflected in the statute, bans the action." 27 N.J., at p. 7.
The determination of whether Joseph Eule is in fact a real party in interest thus becomes focally significant and involves a survey of the rights and obligations of a general *255 partner, and specifically the rights and obligations of the plaintiff's husband with respect to the net assets of this partnership. In the very nature of the partnership agreement he was entitled to 50% of the net assets; hence if such assets should be diminished to satisfy a judgment recovered by the wife against the partnership, the husband's share therein would be reduced pro tanto. On the other hand if the partnership assets proved to be insufficient to satisfy the judgment, Joseph Eule's joint and several liability as a partner would require him to respond to his wife personally. R.S. 42:1-15.
Since, in either event, maintenance of this action by the wife would in effect deprive the husband of the benefits of the interspousal immunity granted by R.S. 37:2-5, we hold that for the purposes of conforming with the public policy implicit in the statute the husband must be regarded as a "litigant" and a real party in interest, and consequently that the action falls within the interdiction of the statute.
Lastly, plaintiff argues that, independent of the issue of interspousal immunity, a factual question was presented as to whether Joseph Eule was on the business of the Eule Motor Sales at the time of the accident. In view of our determination of the partnership's nonliability the agency of its driver is a moot question.
Affirmed.