357 P.2d 660

Alan CARTER, a bachelor, Claimant-Appellant,

v.

CARTER LOGGING COMPANY, a Copartnership, Consisting of P. J. Carter, Sr., Lyndall Carter and Ivan Carter, Employers, and Argonaut Insurance Company; Argonaut Underwriters Insurance Company, Sureties, Defendants-Respondents.

No. 8926.

Supreme Court of Idaho.

Dec. 8, 1960.

J. Ward Arney, Pat W. Arney, Coeur d'Alene, for appellant.

Moffatt & Thomas, Lloyd C. McClintick, Boise, for respondents.

**McQUADE, Justice.**

Claimant Alan Carter was a single man, 19 years of age, at the time of the accident. Defendant copartnership, Carter Logging Company, consists of claimant's father, P. J. Carter, Sr., and claimant's brothers, Lyndall Carter and Ivan Carter; the company's compensation surety is Argonaut Insurance Company.

At the time of the accident involved herein, claimant was employed by Carter Logging Company and was living with his parents, paying board and room of $30 a month. His brother Ivan lived in the parents' home without payment. Another brother and partner in the firm, Lyndall, was married and had a separate residence. An employee of the partnership, Dave Holstein, lived in the Carter home and paid the same monthly rate as the claimant.

Claimant suffered a personal injury at work August 7, 1959, which arose out of and in the course of his employment. Claimant was working with a log jammer when a cable lashed and struck him, causing a compound fracture of the left leg, and totally disabling claimant for an indeterminate period. The hearing before the Board was restricted to the question whether claimant was an employee covered by workmen's compensation.

Defendants denied liability on the statutory ground claimant was a member of the employer's family, living in the employer's household, and that coverage of his employment had not been elected under I.C. § 72–105B.

The Board, after hearing evidence on this aspect of the case, denied compensation. The claimant appeals.

Claimant urges the Board erred in ruling the claimant is without remedy under the Workmen's Compensation Law, and thereby denying him compensation on the

theory that he was an employee of a partnership of which his father was a member.

The statute to be construed in this case is I.C. § 72–105A, part 6:

"None of the provisions of this act shall apply to the following employments, unless coverage thereof is elected as provided in section 72–105b:

\* \* \* \* \* \*

"6. Employment of members of employer's family dwelling in his household. \* \* \*"

I.C. § 72–105B, referred to above, permits an employer to elect coverage of employment which would otherwise be exempt, by a declaration in writing of the employer and his surety, filed with the Board. There is no record of such declaration in this case.

This appears to be a case of first impression in Idaho. In Brewster v. McComb, 78 Idaho 228, 300 P.2d 507, this Court held, under a slightly different fact situation, that the claimant at the time of his injury was working for his father individually, and not for the partnership of which his father was a member, and therefore the claimant is not entitled to compensation. The Court specifically declined to rule on the question whether the claimant would have been covered had he been working for the partnership. In Holt v. Spencer Lumber Co., 68 Idaho 478, 199 P.2d 268, the Court ruled without elaboration that

an employee was not barred by the statute from recovering workmen's compensation for injuries suffered while he was working for a partnership in which his father and a brother were partners. Inspection of the transcript in that case shows the Board found the claimant was not in fact residing in his parents' home at the time of the accident.

The Connecticut case of McNamara v. McNamara, 91 Conn. 380, 100 A. 31, 32, is almost identical to the case at hand. Ruling on a statutory provision that closely parallels our I.C. § 72–105A(6), supra, the Supreme Court of Errors held:

" \* \* \* It is conceded that when John McNamara, Jr., was injured he was in the employ of the copartnership. The fact that he was a member of and residing in the house of one of the copartners is immaterial.

\* \* \* \* \* \*

" \* \* \* the doctrine of legal entity of a copartnership has no application to the case now before us. Here we have the relation of master and servant between the deceased and the copartnership. The servant, while in the performance of his duty and in the transaction of the business of the copartnership, received injuries which resulted in his death. The statute of 1915 in plain terms fixes the status of the parties under such conditions by

providing that an 'employer' shall include 'a partnership using the services of another for pay.'"

 The Idaho statute defining an "employer" within the Workmen's Compensation Law, while not specifically designating a partnership, includes within its definition

"* * * any body of persons, corporate or unincorporated * * *." I.C. § 72–1010.

This definition is broad enough to include a partnership, and to render applicable here the rule in the McNamara case. Cf. Kalson v. Industrial Commission, infra, wherein the word "firm" was construed as including a partnership.

See also Schwartzman v. Miller, 262 App. Div. 635, 30 N.Y.S.2d 882, 884, affirmed 288 N.Y. 568, 42 N.E.2d 22, and Felice v. Felice, 34 N.J.Super. 388, 112 A.2d 581. In each of those cases, the Court held that a partner's spouse employed by the partnership was protected by workmen's compensation.

The New York court aptly stated in the Schwartzman case:

"We are convinced that the only employer to whom the exemption can apply is an individual employer for only such a person can have a spouse or minor child. A partnership can have neither spouse nor child."

Compare also Klemmens v. N. D. Workmen's Compensation Bureau, 54 N.D. 496, 209 N.W. 972; Keegan v. Keegan, 194 Minn. 261, 260 N.W. 318; Larson's Workmen's Compensation Law, sec. 54.31, pp. 791–792.

The cases which respondents cite on this point are distinguishable on the facts. In Thomas v. Industrial Commission, 243 Wis. 231, 10 N.W.2d 206, 147 A.L.R. 103, the Supreme Court of Wisconsin held the parents of an unemancipated minor child, partners in a business in which the child was employed, could not recover from their own insurance carrier for the minor's death, and then held that the child was nevertheless an employee, and compensation benefits for his death must be paid into the State treasury. Wisconsin has since adopted the rule that a partnership, rather than an individual partner, is an employer under the Workmen's Compensation Law. Kalson v. Industrial Commission, 248 Wis. 393, 21 N.W.2d 644. The case of Reed v. Industrial Accident Commission, 10 Cal.2d 191, 73 P.2d 1212, 114 A.L.R. 720, cited by respondents, involves a question of continuity of insurance obtained by an individual employer who later became a member of a partnership.

 In light of these authorities, we hold the claimant was employed by the partnership, not by his father as an individual, and hence he did not come within the exemption of I.C. § 72–105A, subd. 6.

It is unnecessary to examine appellant's other specifications of error.

The order is reversed, and the cause is remanded to the Industrial Accident Board for further proceedings consistent herewith.

Costs to appellant.

TAYLOR, C. J., and SMITH, KNUDSON, and McFADDEN, JJ., concur.