In the Matter of CENTRAL GREYHOUND LINES, INC., OF NEW YORK, Petitioner, against MARK GRAVES et al., Constituting the Tax Commission of the State of New York, Respondents.

Third Department, March 9, 1949.

*Bond, Schoeneck & King* for petitioner.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown, Solicitor-General,* and *Irving I. Waxman, Assistant Attorney-General,* of counsel) for respondents.

Deyo, J. The petitioner is a distributor of gasoline which it imports primarily for its own use. It claims to be entitled to a refund of gasoline taxes paid on gasoline used by it in idling motors of buses temporarily stored out of service on its own parking lots in order to keep the motors from freezing, and for gasoline used to operate air conditioning units on its buses. The respondents have rejected and disallowed such claims for refund and have also determined that the petitioner is not entitled to the distributor's deduction or allowance of 1% of the amount of tax paid on motor fuel consumed in the operation of its own buses.

The scope of judicial review of this administrative determination on statutory interpretation is somewhat limited. If the determination has warrant in the record and a reasonable basis in law, it must be accepted by the courts. (*Red Hook Cold Storage Co.* v. *Department of Labor,* 295 N. Y. 1; *Matter of Mounting & Finishing Co.* v. *McGoldrick,* 294 N. Y. 104.) Furthermore, exemptions from taxation are to be strictly construed against the taxpayer and the intention of the Legislature to exempt must be clear and unambiguous. (*People* v. *Brooklyn Garden Apartments,* 283 N. Y. 373, 380; *Matter of Schwartzman,* 262 App. Div. 635, 636, affd. 288 N. Y. 568.)

The tax under consideration is imposed in the first instance upon all motor fuel sold by the distributors within the State (Tax Law, § 284). The distributor is constituted the collecting agency and is allowed 1% of the tax so collected for his services. (Tax Law, § 287.) Subdivision 3 of section 289-c of the Tax Law then provides, in part, " Any person who shall buy any motor fuel, on which the tax imposed by this article shall have been paid, and shall consume the same in any manner except in the operation of a motor vehicle upon or over the highways of this state, shall be reimbursed the amount of such tax  *  *  *." Highway, within the meaning of the section is defined as "*  *  * a highway, street, avenue, road, alley, boulevard,

parkway, or other similar thoroughfare.'' (Tax Law, § 289-c, subd. 4.) The intention of the Legislature seems crystal clear. If the motor fuel is consumed, i.e., '' used '' in the operation of a motor vehicle upon the highways of the State, it is taxable. If it is consumed in any other manner, it is not taxable. It is difficult to perceive how the Legislature could have spoken more plainly. It is likewise difficult to perceive on what possible theory gasoline used for the sole purpose of warming motors of vehicles stored out of service on the petitioner's own parking lots, not to ready them for service, but only to keep them from freezing, can possibly be considered a consumption or use on the highways of the State. Respondents' determination in this regard finds no warrant in the record nor any reasonable basis in law and must be annulled.

The use of gasoline in the operation of air conditioning units in buses traveling upon the highways presents an entirely different picture. The statute refers to fuel used in the '' operation of a motor vehicle,'' and is not restricted to its actual propulsion. Air conditioning, like heating, has become almost an essential phase in the operation of buses and other common carriers. A determination that fuel thus consumed was consumed in the '' operation of a motor vehicle '' within the intent and meaning of the Tax Law has support in the record and a reasonable basis in law.

We cannot accept the respondents' determination that petitioner is not entitled to an allowance of 1% on the amount of tax paid on motor fuel consumed in the operation of its own vehicles. The statute neither makes nor even suggests such a distinction. A distributor is defined as a person or corporation which imports motor fuel into the State '' for use, distribution or sale ''. (Tax Law, § 282, subd. 1.) The respondents have found that petitioner is a distributor. As such, petitioner is required to collect and report the tax on all motor fuel sold within the State. (Tax Law, §§ 284, 284-a, 284-c, 287.) A '' sale '' is defined as including '' in addition to its usual meaning, the transfer of fuel by a distributor into a motor vehicle or into a receptacle from which fuel is supplied by him or it to his or its own or other motor vehicles.'' (Tax Law, § 282, subd. 5.) Likewise, a '' purchaser '' includes '' the distributor in the case of transfer of motor fuel by a distributor from his, their or its stock, into a motor vehicle, or into a container from which motor fuel is supplied by the distributor to a motor vehicle or vehicles of the distributor or of others.'' (Tax Law, § 282, subd. 4.) '' * * * Each distributor shall be entitled to deduct from

the amount of tax shown by the return to be payable, an amount equivalent to one per centum of such amount, which is hereby allowed the distributor on account of services and expenses in complying with the provisions of this article." (Tax Law, § 287.) The services rendered by the distributor, and for which the Legislature has said he should be paid, are identical, whether the distributor or someone else is the ultimate consumer. The definitions above referred to clearly indicate that both sale and purchase include the use of the motor fuel by the distributor itself. The distinction which the respondents seek to make in their determination finds no warrant in the record nor any reasonable basis in law.

The determination of the State Tax Commission should be modified on the law by annulling so much thereof as rejected and disallowed the refund of the tax paid on motor fuel consumed in idling motors to prevent freezing and which disallowed the distributor 1% of the tax paid on motor fuel consumed in the operation of its own vehicles, and as so modified, confirmed, without costs to either party.

FOSTER, P. J., HEFFERNAN, BREWSTER and BERGAN, JJ., concur.

Determination of the State Tax Commission modified on the law by annulling so much thereof as rejected and disallowed the refund of the tax paid on motor fuel consumed in idling motors to prevent freezing and which disallowed the distributor 1% of the tax paid on motor fuel consumed in the operation of its own vehicles, and as so modified, confirmed, without costs to either party.