Vaughan, J.
This is a proceeding in the nature of certiorari under article 78 of the Civil Practice Act, to review a determination of the respondent as Commissioner of Taxation and Finance, that the petitioner is not entitled to payment of the veterans’ bonus provided for by chapter 547 of the Laws of 1947, effective January 1, 1948.
The matter comes before us on an appeal from an order of Special Term, Oneida County, annulling the determination of respondent-appellant and directing him to pay to petitioner-respondent the sum of $250.
The statute provides for the payment of a bonus of $250 to the next of kin (as defined in the statute) of a member of the armed forces who died on active duty between December 7,1941, and September 2, 1945. No question is raised but that the bonus became payable under the terms of the act and the only question before the court is whether the petitioner, as executor under the will of the decedent’s father, is entitled to receive the payment.
It appears without contradiction that Robert H. Prosser died while on active duty in the armed forces within the period specified in the statute, and that Henry W. Prosser, adoptive father of the decedent, was his next of kin when the bonus law became effective. Henry W. Prosser made claim for the bonus, but before the claim had been finally passed upon and before all of the necessary data showing that he was decedent’s next of kin had been submitted to the commissioner, the claimant died. The petitioner, as executor of the father’s estate, completed the furnishing of the necessary data and claims to be entitled to receive the payment as such executor upon the theory that his testator had acquired a vested right to the payment upon the taking effect of the act, he then being the decedent’s next of kin, and that such vested right passed to him as executor as an asset of the testator’s estate.
The bonus provided for by the act is a pure gratuity (People v. Westchester Co. Nat. Bank, 231 N. Y. 465, 483).
*433 The case cited points ont that the bonus is given out of gratitude and not in discharge of any legal, equitable or moral claim. In that respect the bonus granted under the act now in consideration differs in no respect from the bonus under consideration in the case cited. Under the decision in the Westchester case (supra), the bonus act would have been unconstitutional had it not been for the adoption of an amendment to the constitution effective January 1,1948, which authorized the creation of a debt for the purpose of payment of the bonus (N. Y. Const., art. VII, § 18). That amendment does not direct the payment of the bonus but merely authorizes the Legislature to provide for its payment. Therefore, as the bonus is a mere gratuity, the Legislature was at liberty to repeal the act at any time and thereby withhold payment from any and all claimants. This should be sufficient to show that no vested right existed in favor of any claimant until payment had actually been made.
That this is the law is established beyond controversy by the decision of the Court of Appeals in Taft v. Marsily (120 N. Y. 474, appeal dismissed 145 U. S. 655). That case arose under the Alabama claims. As a consequence of the acts of Confederate raiders in the Civil War, property of citizens of the United States was damaged and destroyed and insurance rates on shipping were greatly increased. After the close of the war, the United States made claim against Great Britain for the loss to American citizens due to those causes because of the fact that Confederate raiders had been permitted to outfit and take refuge in British ports. The claims were submitted to arbitration. The arbitrators allowed those based on damage to or destruction of property, but disallowed the so-called indirect claims among which were the claims based upon the increase in insurance rates. Great Britain having paid the award to the United States, Congress established a Court of Commissioners of Alabama claims to determine the validity of claims by American citizens and provide for their payment out of the award. When the claims for damage and destruction of property had been presented, passed upon and paid, there remained a surplus in the fund arising out of the award and Congress thereupon extended the powers of the court to the establishment and payment of certain indirect claims including claims of increased premiums.
It appeared that Marsily and others were among those who had had to pay increased premiums but that they had gone into bankruptcy and had, in accordance with the Bankruptcy Law, *434 assigned all of their property to the assignee in bankruptcy. Nevertheless, they presented a claim for the increased premiums which was allowed and paid to them, whereupon Taft, as successor assignee in bankruptcy, brought suit against them claiming that their right to receive payment was an asset of their estate which had passed to him by the assignment. The Court of Appeals held to the contrary upon the ground that there being no liability on the part of the United States in favor of the claimants and no liability on the part of Great Britain under the award, the act of Congress permitting payment was a mere gratuity and in no sense an asset of the estate of the claimants and that, therefore, it did not pass under the assignment.
The court said (p. 484), quoting Emerson v. Hall (13 Pet. [U. S.] 409): “ a claim having no foundation in law, but depending entirely upon the generosity of the government, constitutes no basis for the action of any legal principle. It cannot be assigned; it does not go to the administrator as assets; it does not descend to the heir. And if the government, from motives of public policy or any circumstances, shall think proper, under such circumstances, to make a grant of money to the heirs of the claimant, they receive it as a gift or pure donation. ’ ’
The case appears to be directly in point to the extent at least that it establishes that a bonus is a mere expectancy revocable at the will of the Legislature and does not constitute property in the sense that it would pass to the executor as an asset of the original claimant’s estate. (See Harlan v. Archer, 79 F. 2d 673, 677, certiorari denied 296 U. S. 656 for a general discussion of the question involved.)
We have not overlooked the decision of Williams v. Heard (140 U. S. 529). That decision is not binding upon the courts of this State where, as here, no Federal question is involved nor is it in point since the court in that case held that the award to the defendant was not a pure gratuity but was compensation for an actual loss sustained.
Passing to the construction of the statute, one gets little help from the language used in the act. Respondent contends that as long as an eligible next of kin applies for the bonus, he need not be alive to receive it. On the other hand the appellant contends that the next of kin mentioned in the statute must be alive in order to receive payment of the bonus and that the estate of the next of kin who dies before receiving payment has no right to the bonus. We adopt the contention of the appellant. A read *435 ing of subdivisions (a) and (b) of section 1 of chapter 547 of the Laws of 1947 (as amd.) discloses that in the event an eligible veteran makes application for a bonus under subdivision (a) but dies while a resident of this State and ‘ ‘ prior to receiving payment of such bonus regardless of whether or not an application was filed by such member prior to his or her death ’ the proceeds of the bonus goes, under subdivision (b), not to the estate of such applicant, to be disposed of according to our laws of descent and distribution, but rather to the surviving eligible next of kin set forth in the statute in the order named and to no others (L. 1947, ch. 547, § 8, as amd.).
Such language clearly indicates that the filing of an application creates or establishes no rights in the applicant to the bonus in the absence of actual payment to the person eligible at the time of making application-for such bonus. In other words, the next of kin mentioned in the statute obtains no rights simply by applying for the bonus but must be alive at the time of payment in order to be eligible for such payment. Subdivision (c) of the same statute only adds weight to the contention advanced by appellant that the recipient of the bonus must be alive to receive it at the time of payment. Subdivision (c) of section 1 provides 1 ‘ A bonus of two hundred fifty dollars shall be paid to the next of kin ” of a veteran ‘ ‘ who died * * *, while a resident of this state and prior to receiving payment of a bonus under subdivision (a) of the section, * * The language quoted clearly indicates that the filing of an application for a bonus by a veteran under subdivision (a) creates no property right in the proceeds of the bonus that would pass to his or her executor as an asset of the deceased veteran’s estate. The language of the statute leads to the conclusion that the persons eligible to the bonus, whether veteran or next of kin, must be alive in order to be entitled to its payment and that neither the estate of the veteran nor of the next of kin, regardless of whether an application for the bonus has been made, is entitled to payment of the same in the event that such applicant dies prior to payment.
The wording of the statute indicates an idea of succession, that is, if the person eligible for payment of the bonus dies before actual payment is made, the surviving next of kin next in line in the order named in the statute would be entitled to receive payment of the bonus. Further evidence supporting such conclusion is indicated by subdivision (d) of said section where provision is made, in the event the eligible next of kin is an *436 infant or an incompetent, for payment of the bonus to the guardian of such infant or committee of such incompetent or to some person standing in a comparable position to them. No provision is found in the statute directing or permitting payment to the representative of a deceased veteran or deceased next of kin. In construing the meaning of the statute, we should not overlook the interpretation placed thereon by the Bonus Bureau whose duty it is to make payment of the bonus under the supervision of the Commissioner of Taxation. In the administration of the act and making payment thereunder, the Veterans’ Bonus Bureau has always taken the position that in the event an eligible next of kin dies prior to receiving payment of the bonus, his estate is not entitled to it and thereupon only the surviving next of kin in the order mentioned in the act is entitled to receive payment. If such interpretation has warrant in the record and a reasonable basis in law, we should hesitate to interfere with the interpretation so placed upon the statute by the administrative body (Matter of Mounting & Finishing Co. v. McGoldrick, 294 N. Y. 104; Red Hook Cold Storage Co. v. Department of Labor, 295 N. Y. 1; Matter of Central Greyhound Lines v. Graves, 274 App. Div. 679; Matter of Park East Land Co. v. Finkelstein, 299 N. Y. 70).
We are of the opinion that the language used by the Legislature in the Veterans’ Bonus Act was deliberate; that it had in mind at all times the nature of a bonus; that it was a mere gratuity, an expectancy if you will, payment of which could be revoked before payment if the Legislature so decided. The fact that it did not does not change the nature of the bonus from a mere gratuity to a property right which would pass to an executor of an applicant who died prior to payment.
For the reasons stated, we feel that the Bonus Bureau’s interpretation and construction of the Veterans’ Bonus Act had “ warrant in the record and a reasonable basis in law ” and that such determination is neither arbitrary nor capricious.
It follows that the order of Special Term should be reversed on the law and the determination of the Commissioner of Taxation and Finance should be confirmed, without costs.
All concur. Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.
Order of Special Term reversed on the law and determination of the Commissioner of Taxation and Finance confirmed, without costs of this appeal to any party.